JOHN C. DOUGLASS *et al.* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LEAVENWORTH.

No. 14,429   (88 Pac. 557.)

### SYLLABUS BY THE COURT.

1. TAXATION—*Collection of Delinquent Taxes—Commissioners Not Limited to One Proceeding.* Chapter 392 of the Laws of 1901 does not necessarily limit the proceedings to have liens adjudged for delinquent taxes and to obtain decrees for the sale of the real estate involved to one action in any county for delinquencies occurring the requisite length of time before the board of county commissioners makes the order provided for therein.

2. ———— *Court May Consolidate Actions.* After the board of county commissioners has made the order directing the county attorney to institute proceedings for such a purpose against all persons owning real estate so delinquent the county attorney may proceed to comply with such order in one or more actions, subject to the power of the trial court to consolidate such actions as may seem proper and to apportion costs unnecessarily made.

3. ————— *Description of the Land.* In such action any irregularity or informality in the description upon the tax-rolls of the lands taxed or upon the record of tax sales of the land sold will not invalidate the tax lien, provided the description is true, and no other property in the county answers the description, and the property may easily be found by any one acquainted with the description and the facts which exist and which may be easily ascertained on inquiry.

3. CONSTITUTIONAL LAW—*Title of an Act.* Chapter 392 of the Laws of 1901 is not unconstitutional by reason of defective title.

Error from Leavenworth district court; JAMES H. GILLPATRICK, judge. Opinion filed January 5, 1907. Affirmed.

*Dawes & Rutherford,* for plaintiffs in error.

*Laurens Hawn, J. H. Wendorff,* and *Lee Bond,* county attorney, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: This proceeding was brought by the county attorney of Leavenworth county in the name of the board of county commissioners of that county against plaintiffs in error to have adjudged a lien for taxes upon certain lots in the city of Leavenworth and for a decree ordering the sale of the same to satisfy such lien. Judgment and decree of sale were rendered in favor of the plaintiff, and the defendants bring the case here.

Douglass demurred to the original and amended petitions of the county commissioners, and presents as his ground therefor that the county attorney did not fully comply with the order of the commissioners in bringing the proceeding, in that he did not unite therein as many defendants as might have been united under the order. Yet he does not suggest how his rights were or could have been prejudiced thereby. Nor can we conceive how Douglass would have been in a better position to defend his rights had all other persons been joined as defendants who might have been so joined.

If it should occur that he is put to additional costs by having to defend other like proceedings the trial court will have ample power to protect him. (*Whitney v. Morton County*, 73 Kan. 502, 85 Pac. 530.)

The express mandate of our statute is that no judgment shall be reversed or affected by reason of any defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. (Gen. Stat. 1901, § 4574.)

In civil cases it is not generally considered necessary for an attorney to plead his authority to appear in, nor the extent of his authority in bringing or defending, an action. Such authority is presumed, although proof thereof may be required upon a showing of reasonable grounds therefor. (Gen. Stat. 1901, § 394.)

It is contended by defendants that the act authorizing this proceeding (Gen. Stat. 1901, § 7718) requires the inclusion of all the real estate in the county which has been sold and bid in by the county at any delinquent tax sale and which has remained unredeemed and the certificate of sale untransferred for three and one-fourth years after such sale, subject to the discretion of the commissioners to proceed against a part only. The argument made would logically limit the commissioners to one order, and if they ordered a part only proceeded against they would have exhausted their power and could never order proceedings against the remainder. We cannot assent to this construction. The court is required to "determine the amount of taxes, interest and penalties chargeable to each particular tract of land, lot, or piece of real estate, and the name of the owner or party having interest therein." (Gen. Stat. 1901, § 7718.) The amount of taxes legally chargeable in each separate road district, school district, township and city in the county, and even the improvement taxes on different streets in each city, besides the county and state taxes, might all be put in issue in one proceeding, to which there might be one hundred defendants, with no two defendants having any interest in the same issue

except as to the state and county taxes. This would be a complete departure from the common-law procedure as well as from the letter and spirit of our code of procedure. When we observe in the record before us that fifty-nine pages are occupied in setting out the pleadings and proceedings had in this case before reaching the trial of the issues, and that there were only two defendants in the case, and the taxes upon only five lots, all in one block of one city, were involved, we can only conjecture what utter confusion worse confounded and interminable delays would probably have occurred had there been one hundred defendants, with separate issues as to the taxes upon as many pieces of real estate in different cities, townships, school and road districts. We will adopt the construction of the statute which is contended for when no other reasonable interpretation is possible.

It is conceded that the county commissioners in their order exercised the discretion vested in them by the act.

Reading the word "action" in the act as plural, as we are authorized to do by section 7342 of the General Statutes of 1901, the absurdity of the act is obviated, and the county attorney is authorized by section 7719 to exercise the discretion which he did exercise in this case and which it may frequently be necessary for county attorneys to exercise to render the act effective.

Again, it is contended that the court erred in overruling the defendants' objection to the introduction of the tax-rolls of the county and the record of delinquent tax sales to prove the levying of the taxes claimed to have been delinquent and to prove the sale of the lots in question for such taxes. The reason assigned for the objection is that the lots are not described the same in all the tax-rolls and records, and some of the descriptions therein differ from the description of the lots in the petition. It appears that the original plat of the city of Leavenworth was filed in 1854, and embraced a block numbered 86, in which were lots numbered 1 to

14, and 21 to 33, inclusive. In 1859 a plat of Latta's addition to the city was filed, and included a block 86, in which were lots numbered from 15 to 20, and 33 to 58. This block in the addition is contiguous to block 86 in the original plat, and is divided from it by an invisible line only. Latta's addition has for years been included in the corporate limits of the city, and block 86 of the original plat and block 86 of Latta's addition now appear as one block, numbered 86, with lots numbered from 1 to 58 inclusive. The lots described in the petition are lots 41, 42, 43, 44 and 45 of block 86 of Latta's addition to the city of Leavenworth, and there is not and never has been any other block 86 in the city which embraces lots of any of these numbers. The tax-rolls and record of delinquent tax sales for the years of 1884 to 1889 gave the number of the block described in the petition as in "Leavenworth city," and for other years as in "Leavenworth city proper," but in no case described them as in Latta's addition to the city of Leavenworth. From 1890 to 1904, inclusive, the lots were described as in Latta's block, Leavenworth, or Leavenworth city proper. In the year 1886 there was no reference in the description of the lots on the tax-rolls to Latta's addition or to Latta's block, yet the evidence shows that the taxes thereon for that year were paid by John C. Douglass and that no other taxes thereon had been paid from 1884 to 1904, inclusive.

No effort was made by Douglass to show that there had been a double assessment of the lots owned by him or that the taxes were excessive or illegal in any way. His contention, in effect, is that his property has not been described with technical accuracy, and therefore that he should be relieved from paying his portion for paving and other city improvements, as well as his share of the taxes of the county and state governments. We think the language of this court, as expressed by Mr. Justice Valentine in *Ritchie v. Mulvane,* 39 Kan. 241, 252, 17 Pac. 830, which, however, is too lengthy to quote, is very applicable to the facts of this case.

It was well said in *Seaton v. Hixon,* 35 Kan. 663, 12 Pac. 22, and we will adopt the statement in this case:

"Where a description of real estate is true in every particular, and no other property answers to such description, and the property may easily be found by any one who may be acquainted with such description and with the facts which exist and which may easily be ascertained upon inquiry, *held,* that the description is sufficient." (Syllabus.)

We do not consider it necessary to discuss the constitutional question raised as to the title of chapter 392 of the Laws of 1901, under the provisions of which act this proceeding is brought. The title is not grammatical, but read in its evident and fair intent is a fair index to the contents of the act.

The judgment is affirmed.