## RUMSEY v. DIAMOND et al.

No. 17553. Opinion Filed Oct. 4, 1927.

(Syllabus.)

1. Statutes—Validity—Subjects and Titles—Sufficiency of Title.

Section 57, article 5, of the Constitution of Oklahoma, requiring that every act of the Legislature shall embrace but one subject, which shall be clearly expressed in the title, is general and comprehensive in its nature, and where the body of the act is germane, relative, and cognate to the title of such act, it is sufficient to meet the requirements of the Constitution.

2. Courts—Transfer of Causes to Another Court of Co-ordinate Jurisdiction—Validity of Statute.

The Constitution of this state does not prohibit the Legislature from enacting a statute providing for the transfer of cases from one court to another court having co-ordinate jurisdiction, where such statute is reasonable and to the best interest of the affected parties.

Error from District Court, Hughes County; George C. Crump, Judge.

Action by Lilly Rumsey, nee Morrison, against Dorothy H. Diamond and others. Judgment for defendants, and plaintiff brings error. Affirmed.

R. D. Howe and Green & Green, for plaintiff in error.

R. B. F. Hummer, Guy H. Woodward, Orr & Woodford, Stanley D. Campbell, and Bell & Fellows, for defendants in error.

LESTER, J. The parties to this appeal occupy the same position in this court as in the district court, and will, therefore, be referred to as plaintiff and defendants.

The plaintiff brought an action for the recovery of certain real estate and joined therewith an action for a money judgment on account of the use and occupation of said real estate by the defendants.

The defendants filed a demurrer to the petition of plaintiff, which demurrer was by the court sustained. The plaintiff elected to stand upon her petition, whereupon judgment was entered dismissing plaintiff's petition, and this appeal is brought by plaintiff to reverse the judgment of the district court.

From an examination of the briefs filed in this action it appears that the sole question to be determined is the constitutionality of sections 1 and 3, chapter 25, Session Laws 1910, Senate Bill 20.

Plaintiff in her petition alleged the following, in part:

"The defendants claim title through a purported and pretended guardian's deed made and executed by Hence Morrison as guardian of said plaintiff, on the 13th day of October, 1917. through a pretended and purported guardian's sale of said lands in the county court of McIntosh county, Okla., at Eufaula, Okla.. but your plaintiff says that said purported and pretended guardian's deed and guardian's sale were and are null and void for the following reasons: That on the 20th day of September. 1916, the plaintiff was a minor and a resident, in good faith. of Hughes county, Okla., and on said date, upon a petition having been duly filed in the county court of Hughes county, Okla., and a hearing had thereon, Hence Morrison was by said county court duly appointed as guardian of the person

and estate of this plaintiff and letters of guardianship were duly issued to him, whereupon he entered upon his duties as such guardian. A copy of said letters of guardianship is hereto attached, marked 'Exhibit A' and made a part of this petition. That thereafter and on about the 8th day of November, 1916, said guardian filed in said county court his petition praying for a transfer of said guardianship from Hughes county to McIntosh county, Okla.; that upon a hearing had thereon said county court of Hughes county attempted by order to transfer said cause from Hughes county, Okla., to McIntosh county, Okla., but that said attempted transfer was and is void and ineffective and in violation of article 7 of section 13, of the Constitution of the state of Oklahoma, and that by reason thereof said county court of McIntosh county, Okla., was without jurisdiction or authority to confirm said purported guardian's sale. That the guardianship proceedings in Hughes county, Okla., where said matter was legally pending, had never been closed, but continued to remain therein; that no petition for the appointment of a guardian or other proceedings therefor was ever filed in the county court of McIntosh county, Okla., and no letters of guardianship were ever issued therefrom."

The plaintiff contends that the subject-matter contained in the act in question is not sufficiently designated by the title thereto.

The enacting clause of chapter 25, S. L. 1910, supra, reads as follows:

"An Act providing for the transfer of certain probate matters, and declaring an emergency."

Section 3 of said act reads as follows:

"In any case where it is shown to the court that the domicile of the minor or ward has been changed from the county where the guardianship is pending to another county in this state, the guardianship may, upon application verified by oath, after notice has been given to the next-of-kin of such minor or ward and upon good cause shown, be removed to such other county, which would be the proper venue, in the manner and upon the conditions prescribed in section 1 of this act for the transfer of suits, matters, or proceedings, if the court finds that the domicile of the minor or ward has been changed in good faith and that such transfer would be for the best interest of such minor or ward."

Part of section 1 of said act, which must be construed in connection with section 3 of said act, reads as follows:

"When a proper showing has been made for a removal, within 20 days after application is made therefor, make an order transferring such suit, matter, or proceed-

ing to the county where the venue would properly lie if such suit, matter or proceeding had arisen since the admission of this state into the Union, by transmitting to such county the original papers, together with certified copy of all orders and judgments, upon the payment of all accrued costs; provided that where any minor is the owner of an estate situate in a county or in counties other than that of his domicile and a guardian or curator has heretofore been appointed for such minor or his estate in any such county other than that of the domicile of such minor, such suit, matter or proceedings shall be transferred in the manner and upon the conditions herein provided, to the county of the domicile of such minor; and provided, further, that such original papers, together with such certified copies of all orders and judgments, shall be filed in the court to which it is removed, and the same shall proceed as if ordinarily filed therein, without further service of notice."

We find from these two sections that there must be a concurrence of the following elements before a transfer of probate proceedings may be had from the probate court of one county to that of another within the state: First, a change of domicile of the minor or ward to another county in the state other than the county in which the probate proceedings are pending. Second, application for such transfer must be verified by oath. Third, notice of such application must be served upon the next-of-kin prior to the filing of the application. Fourth, the removal must be upon good cause shown. Fifth, the transfer can only be to such county having proper venue of the action but for the former domicile of the ward or minor in the county where the application for removal is filed. Sixth, the domicile of the minor or ward has been changed in good faith. Seventh, the court must also find that such transfer is for the best interest of such minor or ward.

Plaintiff has cited a number of cases bearing upon the question here at issue.

Section 57, article 5, of the Constitution of Oklahoma, requires:

"Every act of the Legislature shall embrace but one subject. which shall be clearly expressed in its title."

We have examined each of the cases cited by the plaintiff, and we conclude that they are not susceptible of the construction as applied by the plaintiff to the act of the Legislature here in question.

In the case of Oklahoma City Land & Development Co. v. Hare, 66 Okla. 190, 168 Pac. 407, the court, speaking of the subject here under consideration, said:

"This provision .of the Constitution has been construed frequently by this court, and it has been held that the title of the bill may be very general and comprehensive, and that everything that results as a necessary complement, and necessary to make a complete enactment, is included in the subject generally expressed; that it is not necessary in the title of an act to index or indicate with particularity the subject of every section or clause contained in the act, but it is sufficient if the subject of such clause or section is germane, pertaining to, and referable to the general subject stated in the title. Leatherock v. Lawter, 45 Okla. 715, 147 Pac. 324; City of Pond Creek v. Haskell, 21 Okla. 711, 97 Pac. 338; In re County Commissioners of Counties Comprising Seventh Judicial District, 22 Okla. 435, 88 Pac. 557."

We think that, while title to the act in question is brief, yet it is sufficiently broad and comprehensive to indicate fully the character of legislation to be found in sections 1 and 3 thereof.

The plaintiff also contends that no authority exists in the Constitution permitting the character of legislation found in said act, and moreover plaintiff contends that said act is an attempt to destroy the jurisdiction given by the Constitution to county courts in probate matters.

We do not anywhere find in the Constitution any limitation upon the powers of the Legislature to provide for a transfer of cases from one court to another court of co-ordinate jurisdiction.

In Encyclopedia of Pleading and Practice, vol. 18, p. 416, we find this statement, which statement is supported by a number of authorities:

"But the general right of the Legislature to regulate the practice in the state courts is beyond dispute, and a provision for removal from one court to another does not impair the obligation of a contract nor take away any vested right."

In our judgment the Legislature was acting clearly within its scope and powers in enacting the legislation challenged by the petition of the plaintiff.

Judgment is affirmed.

BRANSON, C. J., and PHELPS, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 36 Cyc. pp. 1028, 1029; 25 R. C. L. pp. 883, 884; 4 R. C. L. Supp. p. 1604; 5 R. C. L. Supp. p. 1349; 6 R. C. L. Supp. p. 1487. (2) 15 C. J. p. 1145, §605.