## STANDARD ACCIDENT INS. CO. et al. v. STEWART, Gd'n.

No. 28177.   Oct. 11, 1938.

Rehearing Denied Dec. 13, 1938.

Jarman, Brown, Looney & Watts and Edgar Fenton, for plaintiff in error 'Standard Accident Insurance Company.

Maurice M. Thomas (M. N. Thayer, of counsel), for plaintiff in error Surety Corporation.

J. Thad Baker and Owen Black, for Veterans' Administration.

John A. MacDonald, D. S. MacDonald, and D. S. MacDonald, Jr., for defendant in error.

GIBSON, J. This is an action by a ward against his former guardian and sureties to recover on the guardian's bonds, and is grounded upon an order of surcharge entered by the proper county court on final account upon a finding of devastavit. Judgment was for plaintiff below, and the defendant sureties have appealed. The parties here will be designated as they were at the trial, or by name.

While the judgment is joint and several, the defendants were not cosureties; they appear upon different obligations and have filed separate petitions in error necessitating disposition of their respective assignments accordingly.

Defendant National Surety Corporation says that the district court erred in overruling its demurrer to the amended petition and in refusing to render judgment for said defendant on the pleadings.

The obligation of the National Surety Corporation, if any, arose from the following alleged facts:

A corporation known as National 'Surety Company executed in usual form a bond as surety for the aforesaid guardian. Thereafter said company became financially involved and was taken over by the authorities of its domicile state of New York for the purposes of rehabilitation. Later the defendant National Surety Corporation executed an instrument titled "National Surety Corporation, Assumption of Liability Certificate," which provided therein that the same should be attached to the aforesaid bond of the National Surety Company. Said certificate also contained the following provision:

"This certifies that for a valuable consideration, National Surety Corporation has assumed liability for losses arising from or caused by acts committed on and after May 1, 1933, under the above designated bond of National Surety Company; provided, however, that the liability hereby assumed by National 'Surety Corporation under the bond of National Surety Company ·shall be deemed and held to be decreased by the aggregate amount of losses arising from or caused by acts committed prior to May 1, 1933."

This instrument was approved by the county court and filed in the case. The date of its execution was May 22, 1933.

The petition further shows that the order of surcharge was entered November 2, 1935, and was based upon illegal investments occurring prior to November 26, 1932.

Defendant National Surety Corporation takes the position that under this state of facts it was not bound as surety for the illegal investments, since they all occurred prior to the date of its assumption of the risk of the National Surety Company.

By the provisions of the above-quoted certificate it is seen that this particular defendant has in plain words attempted to limit its liability to losses "arising from or caused by acts committed on and after May 1, 1933." Defendant stands on this provision as a valid contractual limitation of liability upon the bond of another surety, asserting in effect that the certificate does not constitute a guardian's bond within the meaning of the statutes, but is an instrument of guaranty, limited and restricted in its terms, valid and binding and not controlled by the statute (sec. 1436, O. S. 1931, 58 Okla. Stat. Ann. sec. 776) prescribing the contents of guardianship bonds.

Plaintiff would treat the certificate as a new bond given not necessarily in substitution of the bond to which it was attached, but as security additional and cumulative thereto. The same could not be a substituted bond for the reason that the statute, section 1437, O. S. 1931, 58 Okla. 'Stat. Ann. sec. 779, authorizing substitution was not complied with; no order of substitution as therein required was entered by the county court. The certificate does not purport to have been executed pursuant to any of the provisions of our probate statutes. In fact our statutes do not authorize the county court to accept such instruments for the protection of wards. In the face of these circumstances, how may we say that the certificate shall be treated as a bond and arbitrarily insert therein by implication the statutory requisites as provided by section 1436. above?

The certificate itself is incapable of such

construction. We cannot say that the above-mentioned obligations as imposed by statute were within the contemplation of defendant upon the execution thereof. The instrument is nothing more nor less than a written promise to answer for the debt, default, or miscarriage of another, a guarantee to assume and pay specific but contingent obligations of the guardian, namely, losses arising from his acts committed subsequent to a certain date. The Supreme Court of Mississippi in the case of National Surety Corporation v. Laughlin, 172 So. 490, had under consideration a certificate of the same character as the one here involved. In commenting upon the character of the instrument and the nature of the obligations thereby assumed, the court said:

"We do not think this assumption of liability certificate can be, in any proper sense, construed as a new bond executed in this administration proceeding. It is a mere written evidence of the fact that the National Surety Corporation had previously assumed liability for losses accruing under the original bond after a fixed date. At most, it can be only a limited assumption of liability, upon which the statute does not operate to enlarge its terms so as to include liabilities not contemplated upon the execution thereof. If the appellant had, in fact, either under an order of the court requiring a new bond or voluntarily executed a new bond, our statute would have fixed the status thereof as cumulative security, and as binding the obligors therein for past as well as future liabilities; but since, in our opinion, the assumption of liability certificate is merely evidence of a limited assumption of liability, there is no liability against the appellant except for devastavits occurring after May 1, 1933."

We here approve the language of the Mississippi court and adopt the reasoning therein contained as applicable to the case at bar.

The devastavits, the acts of waste or defalcations, took place before May 1, 1933. Under the plain terms of the contract the defendant National Surety Corporation did not guarantee payment therefor. The trial court erred in not sustaining demurrer to the petition. The evidence adduced at the trial, together with the allegations of the petition, cannot support the judgment rendered against said defendant.

If the defendant Standard Accident Insurance Company is answerable for the default of the guardian, its liability must rest upon the following facts:

On January 19, 1932, said defendant executed a guardian's bond as surety for the aforesaid guardian. On February 8, 1933, the county court entered its order canceling said bond and releasing defendant as surety. The above-mentioned bond of the National Surety Company was substituted therefor on February 20, 1933. That this release and substitution were had in due compliance with law, section 1437, supra, is not disputed. Some of the illegal acts of the guardian as specified in the order of surcharge were committed prior to the execution and approval of said defendant's bond, and some were committed subsequent to such execution but prior to the aforesaid substitution of bonds. The order of surcharge was made long after the defendant's release.

Defendant says the court erred in rendering judgment against it as surety for defaults of the guardian occurring prior or subsequent to the term of the bond.

Whether the trial court erred as charged depends entirely upon what constitutes the term of the bond.

It is asserted that the plaintiff prosecuted his action upon the theory that the guardian had breached the provisions of the third subdivision of section 1436, above, which require the guardian at the expiration of his trust to pay to the ward all the estate, moneys, and effects due from him to the ward on final settlement. Here the defendant takes the position that although the devastavits took place prior to its release, it is not liable, since the actual default of the guardian occurred at the time he failed to comply with the court's order of surcharge for such devastavits on final account, which was subsequent to the release and discharge of defendant.

Our former decisions do not sustain defendant's position. In cases of this character the illegal act of the guardian resulting in loss constitutes a misappropriation, and the date of such act fixes the time of the surety's liability. If such date be not known, the order of surcharge fixes liability upon all sureties, whether formerly released or not, and to avoid liability the surety must show that the misappropriation occurred subsequent to his release and discharge by the county court. American Bonding & Trust Co. v. Coons, 66 Okla. 34, 166 P. 887. In that case we held as follows:

"Where the surety upon the bond of a guardian seeks to avoid liability by virtue of a release made by the judge of the county court as provided by statute and a de-

fault upon the part of the guardian is admitted, the burden rests upon the surety to show that the guardian did not misappropriate any of the funds of his ward while the bond on which he was surety was in force."

That action was for nonpayment of surcharge on final account. The court there held that the surety, in order to avoid liability for the surcharge, was compelled to show that the default occurred subsequent to its release and discharge by the county court.

Here it is shown that the entire loss occurred prior to defendant's release, and therefore during the term of the bond. A release of a surety in such case does not relieve him from liability incurred on account of the antecedent default of the guardian. American Bonding & Trust Co. v. Coons, supra.

We are unable to agree with defendant's contention that no liability existed for losses resulting from acts of the guardian committed prior to the date of its bond, or the date its bond was substituted for that of the former surety. The statute, section 1437, above, does not provide in so many words for the substitution of bonds, but says that the county court may require a new bond and, upon the procedure as therein provided, may release the existing sureties from further liability. The primary purpose of the section is to afford to existing sureties an opportunity of relieving themselves of further obligation. The new bond is a necessary incident to such relief. The statute in no way limits the obligation thereby assumed. Henceforth the new bond occupies the position of the old. To that degree there has been a substitution of bonds. So far as the ward is concerned the new bond stands as an original and separate bond in the case; its term is from the inception of the trust to the date of a valid release and discharge of the surety. However, we do not mean to say that the new bond relieves the former surety from liability for antecedent devastavits. Down to the date of substitution the obligations under both the old and the new bonds are those of cosureties.

No definite rule has heretofore been announced by this court on the particular question here under consideration, but in Southern Surety Co. v. Burney, 34 Okla. 552, 126 P. 748, we find in the opinion the following expression by the court:

"This brings us to the consideration of the other and more important question, i. e.:

Is the surety on a substitute bond, for a former general bond, liable for defaults occurring before the execution of the latter? After a careful review of the authorities, we feel warranted in answering the question in the affirmative."

Although that statement is not expressed in a syllabus as a rule of law in the case, we say that in view of the fact that the statute aforesaid contains no provision limiting the liability under the new bond, the statement expressed the rule as it should be in this state.

In Baird v. Patterson, 172 Okla. 158, 44 P.2d 90, when considering the liability of the surety on a substituted administrator's bond, we held that such surety was liable for losses resulting from illegal acts of the administrator committed prior to the date of the substitution. The syllabus by the court states the rule as follows:

"Sureties on administrator's bond are liable for whatever is properly chargeable to the administrator in his official capacity, even though such money or property had been misappropriated before the execution and approval of the bond. (Greer v. McNeal, 11 Okla. 526, 69 P. 893.)"

That rule applies to guardian's bonds.

Defendant contends that plaintiff now seeks to justify the judgment by the exposition of a new theory. It is charged that plaintiff at the trial sought to recover for the default of the guardian occurring at the time of the surcharge on final account, that the failure to comply with said order constituted the default sued upon, and that the plaintiff on appeal now says the defendant is obliged to answer, not for the above default, but for the devastavits occurring prior to the release of defendant as surety.

The rule against change of theory applies to the nonappealing successful party only to a limited degree. In order to uphold his judgment he may resort to any argument tending to support said judgment, with the limitation, of course, that the argument be confined to grounds of recovery clearly within the issues and not without the contemplation of the trial court when rendering its judgment. See 3 C. J. 738, sec. 632. Beyond that this court will take no notice of the argument. Here the judgment against defendant Standard Accident Insurance Company is clearly within the issues and supported by the evidence: the issue was the time when the default or illegal acts of the guardian occurred, the evidence was that the same occurred prior to defendant's release as surety. Defendant's argument

to the contrary has been answered by the plaintiff. That the latter may or may not have indulged in excessive or immaterial argument can in no way prejudice the rights of the defendant.

As to the defendant National Surety Corporation the judgment of the trial court is reversed, and as to the defendant Standard Accident Insurance Company the same is affirmed.

OSBORN, C. J., and PHELPS, CORN, and HURST, JJ., concur.