WALDREP, Gd'n, v. MOSES, County Judge.

No. 29343.   Jan. 30, 1940.

Rehearing Denied May 14, 1940.

Application for Leave to File Second Petition for Rehearing Denied June 25, 1940.

*103 P. 2d 503.*

Ben F. Williams, Homer H. Cowan, and T. R. Benedum, all of Norman, for relator.

Swan C. Burnette, of Tulsa, and Paul W. Updegraff, of Norman, for respondent.

RILEY, J. On July 12, 1939, there was filed in this court an original action for writ of prohibition and mandamus. Thereafter, on August 2, 1939, under the same style and number, by case-made, an appealed cause was filed from a judgment of the district court of Cleveland county denying prohibition against the respondent county judge.

Honorable Tom C. Waldrep was appointed guardian of Una Hembree and Dora Hembree, minors, in the year 1933, by the county court of Pottawatomie county. On January 12, 1935, the guardianship was transferred to Cleveland county under the then existing statute, and for the reason that the minors were and had been for four years residents of the latter county, in the custody of an aunt and uncle, and living upon farm property, a part of their estate. On December 27, 1938, proceedings were commenced to remove Honorable Tom C. Waldrep as guardian because of conflicting adverse interests growing out of claims for legal services and failure to file satisfactory accounts. The minors, being over 14 years of age, exercised their statutory right and nominated as guardian successor their brother, A. W. Hembree. Section 1431, O. S. 1931, title 58, sec. 768, Okla. Stat. Anno.; Coker v. Moore, 121 Okla. 219, 249 P. 694.

On January 21, 1939, Waldrep, as guardian, answered the application for his removal by general denial, sought and secured a continuance of removal proceedings.

On January 25, 1939, Waldrep, as guardian, filed application to retransfer the guardianship to Pottawatomie county under the amendment S. L. 1937, ch. 8, art. 4, sec. 1 (title 58, Okla. St. Ann. § 10), amending sec. 1088, O. S. 1931, relating to transfer of causes.

The latter section, contemplating a judicial determination of good cause shown for removal of guardianship, has been sustained (Rumsey v. Diamond et al., 127 Okla. 72, 259 P. 849) under the rule of law that there is no constitutional restraint against legislative provision for such transfer where such statute "is reasonable and to the best interest of the affected parties."

By the amendment a proviso was added whereby, when such a transfer had been so made "and it appears *to the guardian* that said minor's estate may be more economically administered, then upon the filing of a verified application by said guardian and the giving of notice, it shall be *the mandatory duty* of the county judge of such county court to retransfer said guardianship proceedings to the county where the same was originally filed."

The title to the amendatory act follows:

"An Act amending sec. 1088, Oklahoma Statutes, 1931, relating to the transfer of causes; making provisions with reference thereto; repealing all acts in conflict therewith; and declaring an emergency."

The effect of this title is to state that the statute named, concerning the transfer of causes, is being amended by provisos. Neither the Legislature nor the people are advised by the title of the substance of the amendment, save that by inference it has to do with the transfer of causes. While "retransfer" of causes, not mentioned by title words, may be said to remain but a limited transfer in specific instances, nevertheless the gist of the enactment is silent in the title. The gist is that a power, theretofore legislatively considered a judicial power and vested in a judicial officer, who is required in hearing such applications to determine the best interest upon the broad plan of right and justice, is now being vested in a subordinate agency of that tribunal, to wit, a guardian who shall have power to terminate judicial proceedings in the one forum and transfer the same to another. Moreover, the

power so shifted is to be exercised, not upon the fact, but the appearance of economy.

Whether such subject matter of legislation may withstand constitutional limitations is a serious question. In this case the effect is to disqualify a judicial forum under a condition that has become in nature adversary and upon a mere filing of an affidavit with notice, but without judicial determination of whether the affidavit is true or false. This, the Supreme Court of this state held in a remarkable opinion by Mr. Justice Kane, Diehl v. Crump, 72 Okla. 108, 179 P. 4, could not be the law, in view of the Constitution, in that such a legislative act deprived "the court of judicial power and vested the same in the litigant to that extent."

In that opinion Mr. Justice McNeill dissented, joined with Mr. Justice Sharp's view that the whole of the legislative act was void, and thereafter wrote Key v. Donnell, 107 Okla. 157, 231 P. 546, voiding in toto by the Constitution another legislative act, and while he expressed the view that this court would no longer follow the rule announced in Diehl v. Crump, supra, he had reference to the rule sustaining the creation of courts by so-called special legislative acts and not the matter of divesting judicial forums of their proper functions by the bestowal of these powers upon others.

An unusual and inharmonious situation may be presented by such legislation. Herein the judicial determination of the county court of Pottawatomie was and is presumed to be that this guardianship should be in Cleveland county. The guardian's determination is (if indeed, Senator Waldrep can be said to now be guardian in view of subsequent nomination and appointment of his successor as provided by statute, title 58, sec. 768, Okla. St. Ann., sec. 1431, O.S. 1931), and it will be presumed to continue, that the guardianship should not be in Cleveland county. Will the cause be thus shuffled about from one county to the other until patience and the hope of due administration of justice is exhausted? It is unseemly and an injustice that a cause of this nature, guardianship proceedings, one intended to exist with a tender solicitude for the well-being of minors, could ever be so suspended without just and rightful proceedings both as to accounting and as to personnel. Taylor v. White, 81 Okla. 197, 197 P. 445.

We repeat, there is a serious question presented, as to whether the body of the amendatory legislation can be sustained, but we are not necessarily called upon to determine that question. The amendatory act is unconstitutional and void because it is in contravention with section 57, art. 5, Constitution of Oklahoma, in that the subject matter of the proviso, in substance the amendment, is not clearly expressed in the title.

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title. * * *"

This constitutional requirement is applicable to legislative amendments. State, etc., v. American Surety So. of N. Y., 180 Okla. 565, 71 P. 2d 745; Oklahoma Tax Comm. v. Texas Co., 182 Okla. 91, 76 P. 2d 389.

In Ex parte Masters, 126 Okla. 80, 258 P. 861, we held, under authority of Pottawatomie County et al. v. Alexander, Co. Assessor, 68 Okla. 126, 172 P. 436, that:

"An Act to amend a particular section of a general law is limited in its scope to the subject matter of the section proposed to be amended. Such amendment ex vi termini implies merely a change of its provisions upon the same subject to which the original section relates."

Herein the subject matter of the section proposed to be amended embraced a judicial determination relating to transfer of guardianship proceedings. The proposed amendment introduced a new substantive matter, to wit, a retransfer at the election of an agency or arm of the court not only nongermane to that contained in the original procedure provided, but contrary to it and neither appropriate, relevant, nor akin.

The amendment sought to detract from judicial power and transfer it to a subordinate functionary.

This our court has ruled, in reliance upon Dolese v. Pierce, 124 Ill. 140, 16 N. E. 218, "cannot be regarded as an amendment thereto, but must be regarded as independent legislation, upon a matter not embraced in the title of the act, and therefore void." We follow that rule of law in regard to the amendatory act herein considered.

The writs of prohibition and mandamus sought in the original action are denied, and the judgment of the district court of Cleveland county contained in the appealed cause wherein the amendatory act was held unconstitutional, and the writ of prohibition denied, is affirmed.

OSBORN, CORN, GIBSON, and DANNER, JJ., concur. BAYLESS, C. J., and HURST, J., concur in conclusion. WELCH, V. C. J., and DAVISON, J. dissent.

WELCH, V. C. J. (dissenting). I think the majority opinion erroneous in that it places a too burdensome construction on section 57, article 5, of the Constitution, and requires too much of detail to be expressed in the title of an act, in view of former constructions by this court. See Griffin v. Thomas, 86 Okla. 70, 206 P. 604; Oklahoma Light & Power Co. v. Corporation Commission, 96 Okla. 19, 220 P. 54; Fox v. Dunning, 124 Okla. 228, 255 P. 582; New Amsterdam Casualty Co. v. Reinhart & Donovan Co. et al., 124 Okla. 227, 255 P. 587; State ex rel. Ledbetter, Sheriff, v. Pitts, 137 Okla. 59, 277 P. 2d 918; Chicago, R. I. & P. Ry. Co. v. Excise Board, 168 Okla. 519, 34 P. 2d 274; Oklahoma City v. Grigsby, 171 Okla. 23, 41 P. 2d 697; Cooper v. King, 171 Okla. 121, 42 P. 2d 249, and State ex rel. Reed v. Midwest Mutual Burial Association, 176 Okla. 468, 56 P. 2d 124.

Mr. Justice DAVISON concurs in this dissent.