**HARTFORD ACCIDENT & INDEMNITY CO. v. HEMBREE et al.**

No. 2283.

Circuit Court of Appeals, Tenth Circuit.

July 19, 1941.

Walter D. Hanson, of Oklahoma City, Okl. (F. A. Rittenhouse and John F. Web-

**174**

ster, both of Oklahoma City, Okl., on the brief), for appellant.

Kenneth Abernathy, of Shawnee, Okl., and Paul W. Updegraff, of Norman, Okl. (G. C. Abernathy, of Shawnee, Okl., on the brief), for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

The appellant, Hartford Accident and Indemnity Company, a corporation, has appealed from a judgment of the District Court for the Western District of Oklahoma sustaining a motion by appellees to dismiss for failure to state a cause of action the petition of appellant, in which it sought a determination of its liability under an indemnity bond.

Tom C. Waldrep was guardian of a number of minors. He as principal, and appellant as surety, executed and filed a guardian's bond in the County Court of Pottawatomie County, Oklahoma, in the principal sum of $120,000. Thereafter appellant filed a petition in the County Court, seeking to be relieved from liability on the bond. Appropriate proceedings were instituted requiring the guardian to file an account of his administration of the trust and to provide other bond, subject to the approval of the court. On August 27, 1934, an order was entered approving the account of the guardian as filed, also the new bond which he tendered, and appellant was released and exonerated from liability on the bond.

Thereafter the guardianship proceedings were removed to the County Court of Cleveland County, Oklahoma. Waldrep was removed as guardian and appellees A. W. Hembree and Jack Ewton were appointed guardians of the minors. The new guardians claimed that shortages occurred both prior to and subsequent to the discharge of appellant from its bond, for which appellant is liable. They served notice on appellant that they would apply to the County Court of Cleveland County, Oklahoma, for a determination of the accounts of Tom C. Waldrep as guardian, and that on default of the filing of such a report they would apply to the court for an order to make a proper final report.

Thereupon appellant filed its action for a declaratory judgment. The petition alleged that by reason of the notice the new guardians were asserting liability against appellant on the bond, whereas no liability existed. The prayer of the petition was that the order releasing appellant from liability and discharging the bond be adjudged a valid and binding judgment of the County Court and that the new guardians be enjoined from attempting to enforce any liability under the bond.

If the order of the County Court of Pottawatomie County discharging the guardian and appellant from liability on the bond is final and conclusive, appellant is entitled to the relief it seeks, otherwise its petition fails to state facts entitling it to any relief.

■ An examination of the decisions by the Supreme Court of Oklahoma does not sustain the position taken by appellant. In Appeal of Higginbottom (Barber et al. v. Haddock et al.), 176 Okl. 188, 55 P.2d 122, the court said: "Under section 1348, O.S. 1931, 58 Okl.St.Ann. § 556, as made applicable to guardians by section 1474, O.S. 1931, 58 Okl.St.Ann. § 833, the county court in which a guardianship is pending has jurisdiction and authority, in a proper case, to reopen and examine the accounts of a former guardian at any time prior to the final termination of the guardianship proceedings."

■ In Merkle v. Waldrep, 184 Okl. 633, 89 P.2d 746, 749, a case involving this very guardianship, the Supreme Court of Oklahoma again said: "The law in Oklahoma is, that until the minor becomes of age, all judgments and orders sleep in the bosom of the court and may be modified, vacated, or set aside during such time upon proper notice and for good cause shown."

Our attention has not been called to any decision holding to the contrary. These decisions clearly establish the power of the County Court of Cleveland County to vacate the former order approving the account of Waldrep upon a proper showing and to surcharge him with the amount of any shortage found to exist at the time of his discharge.

■ If a re-examination of Waldrep's accounts as guardian should reveal shortages therein, appellant would be liable at least for such shortages as existed prior to the date it secured a release of the bond. Nor do we understand appellant to contend that no liability would exist on its part for shortages occurring prior to the date of its discharge, if the probate court has power to vacate the order of discharge and further inquire into the accounts of

the guardian. A release of a surety does not release it on account of antecedent liability incurred. Standard Accident Ins. Co., et al. v. Stewart, 184 Okl. 109, 85 P.2d 277; Ætna Accident & Liability Co. v. Langley, et al., 68 Okl. 283, 174 P. 1046. Whether appellant would be liable for shortages, if any, occurring after the discharge of its bond is not presented in this appeal and is not decided by us.

The judgment of the trial court is sustained on the ground that the petition failed to state facts entitling appellant to relief under the declaratory judgment law.

Affirmed.