**MARYLAND CASUALTY CO. v. WALDREP
et al.**
**Jo. 2328.**

Circuit Court of Appeals, Tenth Circuit.
March 3, 1942.

Hal C. Thurman, of Oklahoma City, Okl. (Harold C. Thurman, of Oklahoma City, Okl., on the brief) for appellant.

Kenneth Abernathy, of Shawnee, Okl., and Wendell G. Stockton, of Oklahoma City, Okl. (G. C. Abernathy, of Shawnee, Okl., Paul Updegraff, of Norman, Okl., and R. C. Arrington, J. B. Miller, and Shelton Skinner, all of Shawnee, Okl., and Owen F. Renegar, of Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

The appeal in this case presents the question of the liability of the surety on a guardian's bond. In August, 1929, the county court of Pottawatomie County, Oklahoma, appointed John H. Merkle guardian of the estates of Una, Dora, Irene, and Alva Hembree, minors, to succeed a former guardian, and fixed his bond at $10,000. Merkle gave the required bond with the Fidelity Union Casualty Company as surety and otherwise qualified; in September, he purchased a dairy farm consisting of four hundred and forty-six acres with improvements thereon near Neosho, Missouri, and paid $55,750 for it; in March, 1930, he executed a second guardian's bond in the penal sum of $240,000 with Maryland Casualty Company as surety; in December, he resigned and submitted his final account; and in January, 1931, after notice and hearing, the county court entered an order approving the account and discharging the sureties. In September, 1934, the then guardians of the minors filed in the proceeding a petition to vacate the order of the court approving such final account and discharging the sureties, and to surcharge the guardian with the expenditure made for the purchase of the dairy farm and the sums which he had received as fees and expenses. The court denied the petition; the guardians appealed to the district court of the county; and in October, 1935, that court entered its judgment vacating the order of the county court, surcharging the guardian with the $55,750 paid for the dairy farm, together with interest thereon, further surcharging

him with all fees allowed and received, together with interest thereon, and remanding the cause to the county court with directions to proceed in accordance with such judgment. The guardian appealed, but without supersedeas. In January, 1938, the supreme court modified the judgment so as to permit the guardian to make such showing as he might desire with respect to the collection of insurance on a building on the dairy farm and with respect to one of the minors having parted with his interest in the dairy farm after becoming of age and thereby ratifying the action of the guardian in making the purchase; and, as thus modified, the judgment was affirmed. Merkle v. Waldrep, 184 Okl. 633, 89 P.2d 746. In January, 1935, while the appeal was pending in the district court and before the entry of the judgment of that court, the county court of Pottawatomie County entered an order transferring the guardianship proceedings to the county court of Cleveland County. After entry of the judgment in the district court and pending the appeal to the supreme court, the then guardian of the minors filed in the county court of Pottawatomie County a motion for judgment surcharging the guardian with the amount paid for the dairy farm, together with interest thereon, and with the additional sum of $14,758.96 alleged to be the total amount of the fees allowed and received, together with interest thereon, in accordance with the judgment of the district court; and in March, 1936, the county court entered its order surcharging him with $84,160.49.

After the supreme court modified and affirmed the judgment of the district court in the manner indicated, the guardian for Una and Dora, minors, and Irene and Alva, then of age, instituted this suit against the guardian and the surety on the second bond. The execution of the bond and the entry of the order of surcharge by the county court were pleaded. By separate answers the defendants interposed certain defenses. Through proceedings not material here, other persons became parties. Trial by jury was waived. Extended findings of fact and conclusions of law were made, and judgment was entered against the guardian and the surety in the sum of $55,434.28, together with interest thereon, and the further sum of $4,735, together with interest thereon. The judgment contained other provisions but they are not now in question. The surety appealed.

■ The order of the county court approving the final report of the guardian contained a provision expressly discharging the sureties. A valid order of a county court of competent jurisdiction in Oklahoma making final distribution of assets in a guardianship proceeding, closing the proceeding, and discharging the surety on the bond, is conclusive in respect to the rights of the parties interested in the estate and their privies, and is not subject to collateral attack. Hartford Accident & Indemnity Co. v. Goldberg, 178 Okl. 75, 61 P.2d 704. But this order was not of that final character. The assets were not distributed, and the proceeding was not closed. The order was interim in nature, and the petition to vacate it and surcharge the guardian was filed before any of the minors became of age. A county court in Oklahoma has jurisdiction, at any time prior to the majority of a minor whose estate is involved in a proceeding in such court, upon proper notice and for sufficient reasons, to modify or vacate an order or judgment made in the proceeding. Ozark Oil Co. v. Berryhill, 43 Okl. 523, 143 P. 173; Dunleavy v. Mayfield, 56 Okl. 470, 155 P. 1145; Twin State Oil Co. v. Johnson, 72 Okl. 174, 179 P. 605; In re Hickory's Guardianship, 75 Okl. 79, 182 P. 233. And that sweep of jurisdiction brings within its reach power to reopen and examine the accounts of a former guardian at any time prior to final termination of the guardianship proceedings. Appeal of Higginbottom, 176 Okl. 188, 55 P.2d 122; Merkle v. Waldrep, supra.

■ The surety was not formally named as a party in the proceeding to vacate the final report and surcharge the guardian, and no summons or other process was served on it. But process was served on the guardian and he appeared; a special privity existed between the guardian and the surety by virtue of the contract of suretyship, and such a privity continues until the final settlement and closing of the proceeding; the surety had actual knowledge of the proceeding; it bore part if not all of the expenses incurred on behalf of the guardian; it compensated the attorneys who appeared for him; its own attorney attended and observed in that capacity the proceeding throughout its course in the district court; and he signed the brief as attorney for the guardian and participated in the argument in the supreme court. The surety was bound by the va-

cation of the order of approval and the surcharge of the guardian, even though it was not formally named as a party and no summons or other process was served on it. Title Guaranty & Surety Co. of Scranton, Pa., v. Owens, 114 Okl. 166, 244 P. 591; Hartford Accident & Indemnity Co. v. Goldberg, supra.

The surety attacks the proceeding to vacate the order of approval and to surcharge the guardian on the further ground that Annie Hembree was not named as a party. In the order appointing the guardian Annie was included with the other minors already mentioned, and she was one of the wards named in the bond. But through oversight or some other reason not apparent in the record, she was not mentioned in the petition to vacate the order and surcharge the guardian. Ordinarily all those in interest must be expressly joined as parties in an independent action to vacate or set aside a judgment or order of adjudication in the nature of a judgment. But this proceeding was not an independent action of that kind. It was in the original guardianship proceeding. A petition to vacate the order and surcharge the guardian was not requisite or essential to the jurisdiction of the court over the subject matter or the parties in that proceeding. The court could have appropriately begun the matter on its own initiative; and, upon notice to the guardian and for good cause shown, it could have vacated in toto the order of approval and surcharged the guardian without any petition ever having been filed. Manifestly the failure to mention Annie in the petition did not affect the validity of the order surcharging the guardian or its binding effect upon the surety.

Next it is urged that the appeal to the district court divested the county court of any further jurisdiction over the guardian in respect to the surcharge, that he was not thereafter subject to any order of the county court without the further service of process, that no such process was served on him, and that therefore the order of surcharge was void. Title 58, section 739, Oklahoma Statutes 1941, provides that when a judgment, decree or order of the county court is affirmed or modified by the district court on appeal, the county court shall enforce such judgment in like manner as though no appeal had been taken and that the district court shall remit the proceeding to the county court or to the judge thereof for that purpose. Of course the county court was divested of jurisdiction in respect of the surcharge while that matter was pending in the district court on appeal. But in accordance with the requirement of the statute, the judgment of the district court expressly remanded the cause to the county court with directions to proceed in accordance with such judgment. Upon the filing in the county court of the transcript of the proceeding in the district court, the jurisdiction of the county court again attached. A copy of the motion for an order in the county court conforming to the judgment of the district court, and a notice that such motion would be presented at a specified time, were served on the attorneys who had represented the guardian throughout the proceeding for surcharge in the county court, in the district court, and later in the supreme court. The attorneys signed the special appearance of the guardian in the county court for the purpose of challenging the jurisdiction of the court to enter the order of surcharge, and they appeared in court and presented such challenge. Since the motion was not in the nature of a new or independent action or proceeding but merely an additional step in the long but still pending proceeding looking to the surcharge, that was sufficient notice. No summons or other formal process was necessary.

The jurisdiction of the county court of Pottawatomie County to enter the order of surcharge is challenged on the additional ground that the general guardianship proceeding had been transferred to the county court of Cleveland County. Two separate answers immediately suggest themselves. As already said, the appeal to the district court completely divested the county court of jurisdiction in respect to the matter of the surcharge and that court had no jurisdiction whatever of that matter until the transcript of the proceeding in the district court was filed in the county court. The county court had jurisdiction to transfer the proceeding for other purposes, Cf. Waldrep v. Moses, 187 Okl. 475, 103 P.2d 503, but not so far as the matter of the surcharge was concerned. Burnett v. Jackson, 27 Okl. 275, 111 P. 194. And ordinarily a county court which has transferred a guardianship proceeding to the county court of another county is without jurisdiction thereafter to make any further orders in the proceeding. Miller

v. Shelton, 115 Okl. 35, 241 P. 132. But here the judgment of the district court remanding the proceeding to the county court of Pottawatomie County with direction to that court to proceed in accordance with the judgment, constituted a judicial determination that such county court should enter this particular order of surcharge; the judgment became final in that respect; and therefore the question of jurisdiction as between the two county courts to enter the order is not open to review here.

 One additional attack is directed at the order of surcharge entered by the county court. It is argued that the district court was bound to render the judgment which it determined the county court should have rendered in the first instance, and that it could not delegate to the county court the function of ascertaining the amount of the fees and interest thereon which should be included in the surcharge. It was the duty of the district court on the appeal to determine and adjudicate de novo whether the order of the county court approving the account of the guardian should be vacated and the guardian surcharged, and to remand the proceeding to the county court for enforcement of such adjudication as though it had entered the proper order in the first instance and no appeal had been taken. Appeal of Barnett, 122 Okl. 160, 252 P. 410; In re Noel's Heirship, 156 Okl. 177, 10 P.2d 259; In re Barrett's Estate, 181 Okl. 262, 72 P.2d 482. Obviously with the intent and purpose of discharging that duty, the district court adjudicated and determined inter alia that the guardian be surcharged with the fees and interest and directed that the county court ascertain the amount thereof and include such amount in its order of surcharge. The judgment of the district court was in that respect affirmed on appeal; that determination and direction became final; and the action of the county court was in obedience thereto. Again, the contention now urged is foreclosed.

 The final contention which merits consideration is that in the execution of the bond in suit, the surety contemplated only acts or omissions of the guardian taking place after March 25, 1930, and that therefore it could not be held liable for the purchase of the dairy farm. The bond was dated March 28, 1930, it recited that the guardian had been appointed by an order of the court entered on March 25, and it was conditioned in general language for the faithful execution of the duties of the trust. The guardian had executed a former bond signed by a different surety, and the dairy was purchased before the execution of the bond in suit. But in Oklahoma the surety on a second or subsequent general bond of a guardian which does not expressly limit liability to losses occurring after a fixed date is liable for any loss arising out of a failure faithfully to execute the duties of the trust, even though the breach occurred prior to the execution of the bond. Southern Surety Co. v. Burney, 34 Okl. 552, 126 P. 748, 43 L.R.A., N.S., 308; Baird v. Patterson, 172 Okl. 158, 44 P.2d 90; Standard Accident Ins. Co. v. Stewart, 184 Okl. 109, 85 P.2d 277.

The judgment is affirmed.