## In re CAMP'S GUARDIANSHIP.

No. 30749. March 2, 1943.
Rehearing Denied April, 13, 1943.

*135 P. 2d 973.*

Chas. L. Yancey, G. C. Spillers, Kavanaugh Bush, and Charles P. Gotwals, Jr., all of Tulsa, for appellants.

Anglin, Stevenson & Huser, of Holdenville, and Billingsley & Kennerly, of Wewoka, for appellees.

PER CURIAM. This is an appeal from a judgment of the district court of Seminole county which affirmed a judgment of the county court of said county denying an application to transfer the guardianship of Joe Camp, an incompetent Seminole Indian of the full blood, from Seminole county, where said guardianship was pending, to Tulsa county, where the incompetent and his wife had removed.

The wife of the incompetent initiated the proceeding by filing an application in the county court in which the incompetent subsequently joined. The grounds alleged for the transfer were change in residence and convenience and economy which would result from having the guardianship in Tulsa county. The county court after hearing the evidence offered in support of the application found that the best interests of the incompetent would not be served by the proposed transfer and rendered judgment denying the application. The incompetent and his wife appealed the cause to the district court, where trial was had upon both issues of fact and law. The district court found, as had the county court, that the best interests of the incompetent would not be served by the proposed transfer, and affirmed the judgment of the county court. The incompetent and his wife have appealed the cause here.

As grounds for reversal of the judgment below the plaintiffs in error assign eight specifications of error, which they present under the general proposition that the judgment of the district court of Seminole county constitutes an abuse of discretion.

The evidence, which is not in serious conflict, discloses substantially the following state of facts: That the incompetent had been born and reared in Seminole county and had considerable estate therein which he had inherited from his mother; that he had been married to an Indian woman from whom he had been divorced; that he had thereupon married his present wife, a white woman, and had removed to Tulsa county, where his guardian had purchased and furnished him a home; that the incompetent and his wife had become dissatisfied with the allowance which had theretofore been approved by the Superintendent of the Five Civilized Tribes, and which the guardian had been authorized to expend in the maintenance of the incompetent, and had employed attorneys for the purpose of obtaining an increase in such allowance, and that when such efforts proved unsuccessful they then commenced the proceeding to obtain a transfer of the guardianship; that the United States Probate Attorney was opposed to the proposed transfer as being against the best interests of the incompetent. The evidence further showed that the incompetent had not been content for a number of years to live in any place

for any great length of time. Upon the evidence substantially as narrated above, the county court and district court both found that the best interests of the incompetent would not be served by a transfer of guardianship. The question for our determination is whether this constitutes an abuse of judicial discretion.

The transfer of a guardianship from one county to another is authorized where the domicile of the ward has been changed in good faith and where the transfer will be for the best interests of the ward. 58 O. S. 1941 § 10. Whether such transfer will be for the best interests of the ward is a matter which rests largely within the sound judicial discretion of the court to which the application for transfer is addressed. Manuel v. Kidd, 126 Okla. 71, 258 P. 732; Rumsey v. Diamond, 127 Okla. 72, 259 P. 849.

58 O. S. 1941 §§ 851 and 852 authorize the county courts of this state to appoint guardians of the persons and estates of incompetents. Unless otherwise ordered such guardians have power over the person and property of the ward. 30 O. S. 1941 § 14. The guardian so appointed may fix the residence of the ward at any place within the state, but not elsewhere without the permission of the court. 30 O. S. 1941 § 15; Laughlin v. Williams, 76 Okla. 246, 185 P. 104. Assuming, without deciding, that the act of the guardian here involved in purchasing and furnishing a home for his ward in Tulsa county fixed his residence in said county, it does not necessarily follow that a transfer of guardianship should be made upon the application of the ward or his wife. There remains for determination the primary question of whether such transfer would be for the best interests of the incompetent. There was evidence from which the court could properly conclude that the proposed transfer of the guardianship would not be for the best interests of the ward. The incompetent appeared to be more interested in being relieved from guardianship than in having the guardianship

transferred. The evidence further showed that the transfer, if granted, would not effect any substantial economy or result in material convenience, and that there remained but one ground, that of change in domicile, on which to base the transfer, if granted. The contention of abuse of discretion is not supported by the evidence contained in the record which has been brought here.

On appeal from the county court to the district court in a probate matter the appellate court may reverse or affirm the county court as the facts may warrant. 58 O. S. 1941 §§ 734, 735. No reversible error is presented. Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, OSBORN, and BAYLESS, JJ., absent.