### KRAUSS *et ux.* v. POTTS *et al.*

No. 6826.   Opinion Filed April 11, 1916.

(156 Pac. 1162.)

1. **APPEAL AND ERROR—Disposition of Cause—Decision as Law of Case.** An opinion handed down in a case which is remanded for further proceedings becomes the law of the case.

2. **TENDER—Sufficiency—Amount.** Where the amount due is within the exclusive knowledge of the creditor, and the creditor on demand neglects or refuses to indicate the correct amount that is due, the debtor may tender so much as he thinks is justly due, and if less than the true amount, the tender, nevertheless, will be good.

3. **INTEREST—Amount—Effect of Tender.** The tender of a less sum than is actually due will not prevent the running of interest thereafter on the whole principal, as though tender had been made.

(Syllabus by the Court.)

*Error from District Court, Tillman County;*
*Frank Mathews, Judge.*

Action by David Krauss and wife against James M. Potts and others.   From the judgment, plaintiffs bring error.   Affirmed.

*George T. Webster*, for plaintiffs in error.

*H. P. McGuire* and *John E. Williams*, for defendant in error Potts.

KANE, C. J.   This cause was before this court upon its merits in *Krauss et ux. v. Potts et al.*, 38 Okla. 674, 135 Pac. 362, where the facts will be found fully stated.

On the former trial the court below found Potts to be an innocent purchaser of the land in controversy, and upon that ground entered judgment in his favor as against the Krausses, although it found in favor of them upon their contention that the instrument executed by them, purporting to be an absolute conveyance of said real estate to one Hetzel, must be deemed to be a mortgage. This court did not disturb the finding of the trial court that Potts was an innocent purchaser, but held that certain local statutes which are set out in the opinion abridged in this jurisdiction the protection ordinarily extended to an innocent purchaser for value, to the amount of his outlay with interest, and reversed the cause "with instructions to grant a new trial and proceed in accordance with this opinion."

Upon trial had pursuant to the direction of the Supreme Court, the trial court found the actual outlay of Potts to be as follows:   $2,124, the purchase price paid by him to Eva M. Hetzel, with interest thereon at six per cent. per annum from March 16, 1908, to March 21, 1914; $2,376, this being the amount of a mortgage placed on the lands by the Hetzels which was paid by Potts, with interest thereon at the rate of six per cent. per annum from March 16, 1908; $257 and interest at six per cent. from the date of the payment of each year's taxes as found by the court in its ninth finding of fact; that said Potts had paid by improvements upon said land the following:   In April, 1908, $10; in April, 1908, $25; and in November, 1908, $5, for which he was entitled to credit.

The court further found that the plaintiffs were entitled to an accounting by the said Potts for the rental of said land for the time that the same was occupied by the said Potts at the rate of $240 per year, with interest thereon at the rate of six per cent. per annum, as shown by paragraph 8 of the findings of fact herein, being a total of $1,742, including principal and interest to March 21, 1914; that the plaintiffs were entitled to judgment for the possession of the land in controversy, and that defendant Potts was entitled to a judgment against said land in the sum of $6,554.22, less the sum of $1,742, being a total of $4,812.22, with interest thereon at the rate of six per cent. per annum from date of judgment, and a decree directing said land to be sold for the payment of the amount due the said Potts, unless the plaintiffs should pay the said Potts the said amount within sixty days from the date of judgment.

Upon judgment and decree being entered in pursuance of the foregoing findings, counsel for plaintiffs presented the following motion:

"Comes now the plaintiffs and move the court to vacate, set aside, and hold for naught that part of the judgment and decree wherein it is adjudged that the defendant, James M. Potts, have a lien upon the land described herein as set forth in the decree, for the reason that said sum so found due the defendants is contrary to law and not supported by the evidence, and that in lieu thereof a judgment be entered in favor of said defendant in the sum of $3,427.67, the same to be a first lien upon the property involved herein."

—which motion was overruled by the court. Thereupon counsel for plaintiffs filed a motion for new trial, wherein the following assignments raise the only question presented for review to this court, to wit:

"(3) That the court erred in allowing defendant the sum of $2,124, as the amount he paid Eva M. Hetzel, and giving him credit for interest thereon from March 16, 1908.

"(4) That the court erred in allowing defendant interest upon $2,124 outlay, or purchase money.

"(5) That the court erred in charging interest upon the $2,200 Mary K. Hammond mortgage to plaintiff and compounding interest upon interest."

From the foregoing assignments of error it is apparent that the only question now left open for review is whether the trial court erred in allowing interest on the several items of outlay found to exist in favor of Potts. It has already been settled by this court in its former opinion in *Krauss et ux. v. Potts et al., supra,* that Potts as an innocent purchaser was entitled to the amount of his outlay with interest. This, we take it, must be considered as the law of the case. An opinion handed down in a case which is remanded for further proceedings becomes the law of the case. *Richardson v. Penny,* 10 Okla. 32, 61 Pac. 584; *Oklahoma City, etc., Co. v. Baumhoff,* 21 Okla. 503, 96 Pac. 758.

To avoid the force of this decision, however, counsel for plaintiffs in error in their brief say:

"$1,800 was the sum borrowed by Krauss and wife on the land December 10, 1906; they did not offer to pay it until October 26, 1909, when they filed their petition to redeem, etc., and then tendered into court said sum and interest, making their tender in words as follows: 'That said sum of money thus borrowed from George J. Hetzel has never been paid, but these plaintiffs have at all times been ready and willing to pay the same, and now offer to bring into court said sum with the interest that may be due thereon, to be paid to whomsoever this court may decree it to belong.' * * * Potts refused this tender,

refused to disclose his outlay, on the first trial, took advantage of the favorable decision in his behalf by the trial judge, and when he learned that this judgment of the trial court was erroneous, he changed front and on March 21, 1914, for the first time, he pleads his outlay, and asks for his equitable lien on the land and interest from date of outlay. Why did he not enter this defense in the first instance? The statute gives him the right to have made the same answer on October 26, 1914."

From this excerpt from the brief of counsel, it is apparent that their contention is that Potts waived the right to receive interest upon his outlay by refusing to accept the $1,800 tendered to him as above set out. We are of the opinion that the rule invoked is not applicable to the situation presented by the record before us. Assuming that the allegation from the petition of plaintiffs above set out is sufficient to show a valid tender for $1,800, plaintiffs still would not be entitled to prevail. The rule is that:

"A tender made, after action has been commenced, in order to bar the recovery of subsequent interest and costs, must be of such sum as will cover the amount due, with interest to the date of the tender, and such costs as have accrued in the action up to that time." (38 Cyc. 138.)

The action was commenced originally by the plaintiffs upon the theory that the instrument executed by them to the Hetzels, whilst in form a deed, was, in fact, a mortgage, and that Potts purchased the land from the Hetzels with full notice of the fraud they were attempting to practice upon their apparent grantor. Potts answered that he was an innocent purchaser, and that he was entitled to protection as such. This the plaintiffs denied. It developed that Potts was an innocent

purchaser, but that by virtue of a certain local statute he was not entitled to the protection ordinarily extended to an innocent purchaser for value; that under the statute he was only entitled to protection to the extent of his outlay with interest. Now, if we assume that the parties were equally bound to know their respective rights in the premises at the time the suit was originally commenced, then the plaintiffs would have been required to tender to Potts the amount of his outlay with legal interest thereon up to the time of the tender. In other words, their tender should have been as broad as their obligation. The tender of a less sum than is actually due will not prevent the running of interest thereafter on the whole principal, as though tender had been made. 22 Cyc. 1557. Obviously, at that time plaintiffs were of the opinion that they were under no obligation to pay Potts for any outlay he may have incurred. Plaintiffs now contend that Potts should have disclosed his outlay. This does not seem to be the rule. On the contrary, "where the amount due is within the exclusive knowledge of the creditor, and the creditor on demand neglects, or refuses to indicate the correct amount that is due, the debtor may tender so much as he thinks is justly due, and if less than the true amount, the tender, nevertheless, will be good." 38 Cyc. 138.

Plaintiffs not only failed to make demand upon the defendant, with the view of ascertaining the correct amount due, but they took a position which would have made a disclosure on defendant's part absolutely useless. As no item of outlay made by Potts, as found by the trial court, is disputed, it follows from what we have already said that the court did not err in allowing interest on such items.

The judgment of the court below must therefore be affirmed.

All the Justices concur.