## MULDOON. v. HOSTUTTLER.

No. 13401—Opinion Filed Jan. 15, 1924.

(Syllabus.)

1. **Tender—Requisites.**

In order to successfully plead a tender of payment in an action upon a money demand, that tender must be unconditional, and must be of such amount as to cover the demand.

2. **Same—Where Exact Amount Due is Unknown.**

Where the amount due is within the exclusive knowledge of the creditor, and the creditor on demand neglects or refuses to indicate the correct amount that is due, the debtor may tender so much as he thinks is justly due, and if less than the true amount, the tender, nevertheless, will be good, but this rule has no application where no demand was made by the debtor for information as to the correct amount.

Error from District Court, Custer County; Thomas A. Edwards, Judge.

Action by G. G. Hostuttler against Mat Muldoon. Judgment for plaintiff, and defendant brings error. Affirmed.

Henry Bulow, for plaintiff in error.

Meacham & Meacham, for defendant in error.

COCHRAN, J. This action was commenced by the defendant in error to foreclose a real estate mortgage securing a promissory note for the principal sum of $1,600.

The defendant contends that the trial court erred in failing to find that the defendant had made a valid tender prior to the filing of this suit. The amount tendered by the defendant was $1,630, and, according to the judgment rendered by the trial court, lacked several hundred dollars of being enough to pay the amount due the plaintiff. The defendant contends, however, that the amount due was within the exclusive knowledge of the plaintiff and he tendered the amount which he thought was justly due, and that, although the amount tendered was less than the true amount, the tender should be held good, and relies upon the case of Krauss v. Potts, 53 Okla. 379, 156 Pac. 1162, in which the following rule is announced:

"Where the amount due is within the exclusive knowledge of the creditor, and the creditor on demand neglects or refuses to indicate the correct amount that is due, the debtor may tender so much as he thinks is justly due, and if less than the true amount, the tender, nevertheless, will be good."

The rule announced in that case has no application to the facts in the case at bar, because there is no testimony tending to show that the defendant made any demand on the plaintiff for the purpose of ascertaining the amount due the plaintiff on this mortgage, and, not having made a demand for such information, the failure of the plaintiff to furnish the defendant with a statement of the amount due would not bring the defendant within the rule announced in the above case. The general rule applicable to tenders is applicable to the instant case, and is stated in Bly v. Pool, 60 Okla. 77, 159 Pac. 511, as follows:

"In order to successfully plead a tender of payment in an action upon a money demand, the tender must be unconditional, and must be of such amount as to cover the demand."

It is contended that the court erred in refusing to admit in evidence a letter from the Oklahoma Farm Mortgage Company relative to the amount due it upon the first mortgage on the land owned by the defendant. This evidence was properly excluded, as it was a letter from a third person and was in no manner binding upon the plaintiff. Wells v. State, 5 Okla. Cr. 22, 113 Pac. 210; Shawnee Gas & Electric Co. et al. v. Motesenbocker, 41 Okla. 454, 138 Pac. 790.

It is next contended that the court erred in failing to credit the sum of $1,000 paid by the defendant to the plaintiff on January 8, 1919. The plaintiff introduced testimony tending to prove that the $1,000 was credited in accordance with directions of the defendant. The defendant introduced testimony tending to prove that he directed that the $1,000 should be applied on his $1,600 note instead of being applied on the second mortgage. This question of fact was determined in favor of the plaintiff by the trial court, and, since the evidence tends reasonably to support this finding, the same will not be disturbed upon appeal.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, HARRISON, MASON, and LYDICK, JJ., concur.