**BAIRD v. PATTERSON, Adm'r.**

No. 25135.　March 26, 1935.

Rehearing Denied May 7, 1935.

H. B. King and Mauntel & Spellman, for plaintiff in error.

A. W. Billings, for defendant in error.

PER CURIAM. Samuel H. Delp died in 1921. a resident of Woodward county. Charles W. Delp was appointed administrator with the will annexed of the decedent. He made bond at time of his appointment.

In May, 1925, he made a new bond as administrator, signed by W. F. Baird, plaintiff in error, J. H. Hopkins and Sam C. Littrell, as sureties. This bond was approved by the court. May 21, 1927, the county court made an order discharging W. F. Baird on said bond from any future liability to be thereafter incurred.

On September 3, 1931, there was a hearing on the final account of the administrator. Exceptions were made to his account, and the court found that the administrator, between the time of his appointment and March, 1922, had made certain loans to himself, which, with the interest, amounted to $4,071.23.

Also that, at the time of his appointment, he was indebted to the estate in the sum of $1,000, which, with the interest, amounted to $1,863.33, and that he lost $2,011.80, money deposited in a bank when the bank failed, October 13, 1923, and that on January 4, 1927, he loaned W. A. Parkhurst $1,000, and on the same date loaned W. B. Coombs $650, and on April 27, 1927, he loaned W. B. Coombs $700, and that in 1921 he appropriated the sum of $500 as administrator's fees and commissions.

The court found that all these loans were made without authority of law and without the authority and order of the county court, and that these purported loans were conversions of money belonging to the estate, and that the administrator with the will annexed was charged as for conversion and for interest thereon.

The court further found that the debt due the estate from the administrator at the time of his original appointment was chargeable against him as for money collected and in his possession, and also charged him with the loss of the money in the bank and $300 of the amount taken by him for fees, making a total charge of $11,648, and ordered said sum to be delivered by Delp to his successor. There was no appeal from the judgment of the court on the accounting.

The court removed Delp as administrator and appointed N. H. Patterson in his stead. The new administrator then filed suit against the old administrator and the sureties on his bond, including this plaintiff in error, for the amount found to be due by the judgment of the county court.

The plaintiff in error, in his amended answer, states that the funds intrusted to Delp, the administrator, were, with the advice and consent of the beneficiaries of the estate, invested by him, and the investments were made of their full knowledge and solicitation, and that the note from the administrator to the decedent was worthless at the time of the death of Samuel H. Delp and constituted no part of the assets of the estate, and that Delp, the administrator, was also an heir entitled to an undivided one-sixth interest in this estate, and that one-sixth interest should be deducted from any judgment rendered against plaintiff in error; that Charles W. Delp, the administrator, did make full and complete accounting as administrator and did deliver to his successor, N. H. Patterson, all property, funds and assets belonging to the estate; and further answered that he was not at fault for the loss of the money when the bank failed and alleged he was entitled to the full commission of $521.14, and that the plaintiff in error is not liable for any sums of money which had been lost, embezzled or squandered from the estate, and that he could not be held liable for any defalcations or mismanagements or embezzlements of any sums of moneys that took place after May 13, 1927; that the judgment of the county court did not attempt to define the individual responsibility of the various bondsmen that signed the bond of the administrator; that it was necessary to ascertain the liability not only of the plaintiff in error, but of each bondsman as they appeared on the bond; that all of the defendants that were legally liable to the administrator, N. H. Patterson, were not made party defendants of the action, but they were necessary parties.

The counsel for plaintiff in error in his opening statement conceded that the sureties on the administrator's bond were bound by the judgment of the county court rendered on the final accounting, even though they were not present or made parties, and the judgment cannot be collaterally attacked; that the surety on the administrator's bond is bound for all losses that happened prior to the time of his making the bond, and

substantially admitted that plaintiff in error was liable for any shortage that occurred prior to the time of his discharge from the bond from the inception of the appointment of the administrator to the time of the discharge. He contended that he was entitled to show that the parties interested in the estate gave their consent to the loans and investments made. He also contended that whether the loans which existed in May, 1927, when plaintiff in error was released from liability on the bond, were valid loans and subsequent misfortune rendered the loans bad, plaintiff in error was not responsible.

Defendant in error introduced his testimony. Plaintiff in error introduced his, and the court held that the judgment of the county court on the accounting could not be collaterally attacked and was conclusive on the administrator and surety on the bond, and rendered judgment for the amount found due by the county court.

The plaintiff in error filed his motion for new trial, which was overruled, and he has appealed to this court.

1. County courts in this state are courts of record in probate matters.

This court, in the case of In re Green's Estate, 80 Okla. 256, 196 P. 128, says:

"The county courts of this state are courts of record and have original general jurisdiction in probate matters. The orders and judgments of such courts, when acting within their jurisdiction, are entitled to the same favorable presumptions and the same immunity from collateral attack as are accorded those of other courts of general jurisdiction."

This rule has been repeatedly laid down in other cases.

2. Plaintiff in error was discharged from liability on the bond May 21, 1927. The accounting was had September 3, 1931. Counsel for plaintiff in error in their brief admit that the amount found due by administrator's final accounting in the absence of fraud cannot be collaterally attacked, but insist that the county court had no authority to ascertain when the money was misappropriated or converted, and if we understand their position correctly, they insist that the surety had a right to show that the loss occurred after the sureties were released on the bond. The court refused to permit plaintiff in error to introduce evidence attacking the judgment of the county court, and the plaintiff in error offered to show by witnesses that the decedent had money in the bank, that afterwards failed, at the time of his death and that the administrator continued the account and carried funds in said bank to the time of the failure.

He also offered to prove that the administrator, after the release of the plaintiff in error from the bond, made loans to W. B. Coombs and W. A. Parkhurst, and that W. B. Coombs and W. A. Parkhurst were solvent, and that the loans were made with the knowledge and consent of the beneficiaries of the estate, and offered to prove that the estate suffered no loss by reason of these loans. It is not shown that the loans made to W. B. Coombs and W. A. Parkhurst in 1928 and 1929 were the same loans the county court found to have been made in January and April of 1927.

We think the contention of plaintiff in error that the county court had jurisdiction to determine the amount of the conversions of the funds of the estate, but did not have authority or jurisdiction to determine when those conversions took place, is without merit. The court in determining that the funds had been converted must necessarily have the right to determine when and under what circumstances they were converted.

The judgment of the county court on matters within its jurisdiction cannot be collaterally attacked.

This rule was first laid down in the case of Greer v. McNeal, 11 Okla. 526, 69 P. 893. The court in that case, in discussing the liability on a bond, says:

"It is a continuous trust or employment from the date of his appointment until the close of the administration. The condition of an official bond is that the principal shall faithfully perform the duties of the office to which he has been elected or appointed. The bond of an administrator is that he shall faithfully execute the duties of the trust according to law. Hence the sureties on an administrator's bond, conditioned as the bonds were in this action, are liable for whatever is properly chargeable to the administrator in his official capacity, and it is not essential to prove that the funds or property so chargeable were actually on hand and intact at the time the second or additional bond was executed. If the moneys or property are shown to have come to the hands of the administrator in his official capacity, and he has not properly disposed of or accounted for the same, he is bound to do so on a final settlement; and the sureties upon his bond, no matter when such bond was executed and approved, are held liable for the faithful performance and execution of such trust."

This case has been many times cited and

approved and has become a fixed rule of law in this state.

3. Sureties on the administrator's bond are liable for all the misappropriations, waste, and other wrongful acts made or committed by the administrator in his official capacity prior to the time when the bond was made. See Greer v. McNeal, supra; Elizalde v. Murphy, 162 Cal. 161, 126 P. 978; Bellinger v. Thompson, 28 Ore. 320, 37 P. 714, 40 P. 229.

There is no error in the record, and the judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Harry Campbell, Stanley D. Campbell, and Edward H. Chandler in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Campbell and approved by Mr. Campbell and Mr. Chandler, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.