## CURTIS et al. v. WILSON.

No. 27380.   Oct. 5, 1937.

C. G. Moore, for plaintiffs in error.

Roy Glasco, for defendant in error.

CORN, J.   S. D. Wilson, plaintiff below, sued the defendants for possession and to quiet title to certain lots located in Purcell, Okla.   The taxes on this property were about 25 years delinquent; the property had been sold at the regular November tax sales; resold in April, 1927; and in April, 1930, tax deeds were given by the county treasurer to the chairman of the board of county commissioners.

Sometime later, one Harry Phillips submitted a bid of $15 for the property, which was accepted, subject to the approval of the commissioners.   Proper notice was given by the treasurer of an application for approval of this sale by the commissioners.   On the day of the sale, Phillips, S. D. Wilson, the plaintiff herein, W. G. Blanchard, who is one of the defendants, and his attorney, C. G. Moore, all appeared, the plaintiff, Wilson, being the successful bidder, bidding the

property in for $515, plus necessary costs which had accrued.

The defendants, heirs at law of Anna O. Blanchard, deceased, refused to surrender the premises, and the plaintiff began this action to quiet title and to gain possession. The case was tried to the court, resulting in a verdict for the plaintiff, from which verdict the defendants appeal. The only question for consideration in this appeal is whether W. G. Blanchard made a tender to the treasurer of the full amount of taxes due upon the property, there being some testimony at the trial that Blanchard and his attorney attempted to tender what was due, since, if a valid tender was made, by the provisions of section 3, chapter 66, art. 16, S. L. 1935, the county treasurer should have accepted same, and had no right to sell the property.

For convenience we shall designate the parties as they appeared in the trial court.

The defendants do not attempt to show a proper tender of the taxes, but seek to avoid the necessity of having made a tender, by asserting that the county treasurer was demanding more than the amount really due.

When the property in question was sold at auction, Blanchard and his attorney were present and bid, but the property was sold to the plaintiff for $515, the highest and best bid. In their answer the defendants set up that there was $625.74 due as taxes, while their own witness, Hunter, testified that there was $976.15 due. Still, in view of this evidence and the fact that they had an opportunity to bid in the property, the defendants now complain that they attempted to redeem this property, and made a valid tender in the attempt.

In support of their position the defendants contend, and offer authority to sustain their point, that where it is reasonably certain that a tender will be refused, the necessity for making such a tender is waived, and this is undoubtedly the rule in this jurisdiction. However, it was not shown that there was a refusal here, neither was it shown that a tender could be waived because of the certainty of refusal.

The evidence was that the defendants claimed to have made an offer to pay what was due and the county treasurer informed them of the amount due against the property; the defendants did not agree with this figure offered by him, but failed to inform him of what they had calculated as being

due, nor did they make any further effort in this connection, assuming that any offer on their part would be refused.

It seems a generally accepted rule of law in this and other states that the necessity of a formal tender is not done away with by an assertion of a claim actually in excess of the amount really due, the reason being that a valid tender of a proper sum might be accepted. This rule has been laid down by our court as being that:

"Where the amount due is within the exclusive knowledge of the creditor, and the creditor, on demand, neglects or refuses to indicate the correct amount that is due, the debtor may tender so much as he thinks is justly due, and if less than the true amount, the tender, nevertheless, will be good." Krauss et al. v. Potts, 53 Okla. 379, 156 P. 1162.

In the instant case the defendants might have proceeded further and found out what was really due and tendered the amount. Instead, after inquiring of the county treasurer as to the amount due, they failed entirely to tender any amount at all, and now claim that the certainty of a refusal waived the necessity of any tender.

The mere fact that the amount the county treasurer declared to be due was in excess of the true amount due cannot be a waiver of tender. We are of the opinion that there was no tender of the amount of taxes due, and for this reason, this being the only question presented, the judgment of the trial court is affirmed.

BAYLESS, V. C. J., and PHELPS, GIBSON, and DAVISON, JJ., concur.