**MAHONEY et al. v. McBIRNEY et al.**

No. 27457. Nov. 1, 1938.

Rehearing Denied Nov. 29, 1938.

J. J. Henderson and Norman Barker, for plaintiffs in error.

Felix A. Bodovitz, for defendant in error J. H. McBirney.

Mildred D. Bestic, for defendant in error Howard C. Johnson, Liquidating Agent of the Exchange Trust Company, Trustee

PHELPS, J. Plaintiff in error, defendant below, appeals from a judgment in favor of the plaintiff foreclosing a mortgage on real estate. The trial was had to a jury, and at the conclusion of defendant's evidence the court sustained a demurrer thereto interposed by the plaintiff. Substantially the facts are as follows:

Andrew W. Mahoney died in 1921, leaving a will naming the Exchange Trust Company, of Tulsa, executor. The trust company was also named as trustee of certain real and personal property of the testator for the benefit of minor children of the deceased. Under the provisions of the will the trustee, with the advice and counsel of the Pastor of the Catholic Church, was authorized to sell, mortgage, and dispose of the real estate belonging to the trust, as, in the judgment of the trustee, would be beneficial to the estate.

In 1923, pursuant to an order of the county court, the Exchange Trust Company was authorized to advance to the executor the sum of $1,500 for the purpose of making repairs and improvements on the property involved in the foreclosure case. On the distribution of the estate and discharge of the executor, the Exchange Trust Company, trustee under the will, on approval by the district court, executed a mortgage for $2,271.58 to the Exchange Trust Company for advancements made by the trustee for taxes, insurance, and repairs. In December, 1928, the trustee executed to the Exchange Trust Company a mortgage on the property for $3,000 covering advancements made by the trustee for the maintenance of the property under its control. The execution of this mortgage was approved by the district court on February 10, 1932, and in this order the court authorized the trustee to execute a mortgage on the property to the Exchange National Company, a corporation, for $3,800; which sum represented payment to the Exchange Trust Company of the indebtedness of $3,000 under the mortgage executed in De-

cember, 1928, and advancement of $800 made by the mortgagee to the trustee to cover interest on the original loan, and for taxes and improvements on the property.

The petition filed in the district court requesting approval of the loan for $3,800 was signed by the Exchange Trust Company, trustee, and by John VanGostel, Pastor of the Church of Immaculate Conception, Tulsa, and by Anna Mahoney, widow of the testator and mother of cestui que trust. In 1931 the Exchange National Company assigned this mortgage, and the promissory notes secured thereby, to the Exchange National Bank, Tulsa, as trustee, for whom the plaintiff, J. H McBirney, is successor trustee in the foreclosure case.

It is contended by the defendant that the execution and delivery by the Exchange Trust Company, trustee, of the note and mortgage for $2,172.58 to the Exchange Trust Company was, in effect, a transaction with itself and unenforceable and void: also absence of jurisdiction in the district court to authorize or approve the mortgages executed by the Exchange Trust Company, trustee, asserting that such orders and judgments constituted usurpation of the powers of the county court; and that the latter court was without jurisdiction, in the first instance, to approve the advancement of $1,500 made by the Exchange Trust Company to the trustee.

Under sections 9206, 9207, O. S 1931, 6 Okla. St. Ann. secs. 294, 295, trust companies in this state are expressly authorized to act as executors and also to act as trustee.

The functions of executors and trustees may be united in the same person, who may act in both capacities at the same time, but his powers and duties in each capacity are separate and distinct. 65 C. J. 639. In State et al. v. Beardsley, 82 So. 794. the Supreme Court of Florida, in the body of the opinion, in discussing a situation akin to the facts in the present case, used the following language:

"By the will in the present case two estates were created—one in the executors and one in the trustees. These estates were separate and distinct, and the persons named in the will were intended by the testator to act in their several capacities The title to the property in the estate being lawfully administered by the executors was in the persons named in the will as executors. The title to the property named in the trust estate was in the persons named in the will as trustees."

It appears, therefore, that the rule prohibiting a party from suing himself is not applicable under the facts presented in the case at bar. The will of the testator expressly authorized the trustee to mortgage or incumber any of the property included in the trust; the judgment of the trustee in this respect being final and conclusive. The mortgages executed by the trustee were approved by the district court of Tulsa county. That court had jurisdiction to enter such orders under the holding of this court in Re Trusteeship of Vance, 102 Okla. 129, 227 P. 881. See, also, Phillips v. Missouri-K.-T. Ry. Co., 20 Fed. Supp. 498; 65 C. J. 676, par. 538.

In view of the holding of the courts in the authorities cited, we conclude that no usurpation of the powers of the county court was exercised by the district court in approving mortgages executed by the Exchange Trust Company, as trustee. It is argued that the acts of the Exchange Trust Company, as executor, are invalid for the reason that no bond was required as provided by section 1157, O. S. 1931, 58 Okla. St. Ann. sec. 171.

The general rule is that failure of the executor or administrator to give bond does not render his appointment void or subject to collateral attack, but merely renders it voidable so that the acts of the representatives are valid so long as the letters testamentary or of administration remain in effect 23 C. J. 1077, paragraph 212, and cases cited therein.

In the present case the record discloses that the final account and report of the executor, showing receipts and disbursements (including the item of $1,500 advanced by the Exchange Trust Company to the executor for repairs on the apartment building). was filed in the county court in 1923. Thereafter, in the same year. an order was entered approving such report and distributing certain of the estate to the widow of the testator and the remainder to the Exchange Trust Company, trustee under the provisions of the will. From this order there was no appeal.

In the judgment the trial court found, and we agree, that the defendants wholly failed to establish. fraud in the proceedings in the county court or in the execution and delivery of the mortgages by the trustee; which mortgages were approved by the district court. The orders so entered were final and are immune from attack in the present case. Hartford Accident &

Indemnity Co. v. Goldberg, 178 Okla. 75, 61 P.2d 704; Baird v. Patterson, Adm'r, 172 Okla. 158, 44 P.2d 90; Davison et ux. v. Mutual Savings & Loan Ass'n, 181 Okla. 295, 73 P.2d 455; Perna v. Bank of America Nat. Trust & Sav. Ass'n (Cal. App.) 82 P.2d 605.

Complaint is made of the practices of the Exchange Company, the Exchange National Company, and the Exchange National Bank; of their interlocking directorate, overlapping, interwoven, and intricate system of operation. It appears from the record that all of these institutions went into liquidation or were reorganized during the depression.

The criticism advanced by the defendants might legitimately be used against legislative enactments which permit operations of the character criticized. However, such criticisms are insufficient to defeat recovery upon an obligation apparently entered into in good faith and free from established fraud. Especially is this true in the present case, where it appears that the plaintiff, successor trustee in the foreclosure action, had no knowledge of wrongdoing.

The judgment is affirmed.

OSBORN. C. J., BAYLESS, V. C. J., and WELCH, CORN, HURST, and DAVISON, JJ., concur.