## NORTH v. TIPTON.

No. 29690. Sept. 10, 1940.

*105 P. 2d 1046.*

Geo. C. Crump and H. W. Carver, both of Wewoka, for plaintiff in error.

B. F. Davis, J. A. Patterson, and Earl A. Davis, all of Wewoka, for defendant in error.

BAYLESS, C. J. S. N. North filed an action in a justice of the peace court in Seminole county, in the nature of forcible entry and detainer, against J. V. Tipton, and the case was appealed to the district court of that county, and from a judgment in favor of the defendant, the plaintiff appeals.

In 1933, Ruby Hawkins executed a written lease to the real estate involved to Tipton, and after plaintiff purchased this property the lease was the subject of litigation between plaintiff and defendant. The result was a decision in favor of defendant to the effect that the lease included the option on the part of defendant, as lessee, to renew the lease from year to year by giving one month's notice thereof. See Tipton v. North, 185 Okla. 365, 92 P. 2d 364.

During the period of time the litigation was pending, two periods for renewal occurred. It is the plaintiff's contention that defendant did not give notice of intention to renew at either time, and for this reason the lease terminated and he has the right to oust defendant. Defendant contended, and testified, that prior to the expiration of each year's lease during the pendency of the litigation, he gave plaintiff verbal notice of his intention to remain for another year. Plaintiff denies this.

At the request of plaintiff the trial judge made findings of fact, and we quote from them:

"* * * And the plaintiff, S. N. North, had actual notice prior to January 20, 1938, of the intention of J. V. Tipton to renew said lease for an additional year, and said S. N. North had actual notice prior to January 20, 1939, of the intention of J. V. Tipton to renew said lease for an additional year. * * *"

Plaintiff insists that the evidence does not support the findings made, and says the notice given by defendant, as testified to by defendant, was too indefinite and uncertain to amount to renewal or renewals of the lease.

This is a law action, and the matter was tried by the judge without a jury and his findings are entitled to the same weight and consideration as the verdict of a jury. These findings cannot be overturned if there is any evidence reasonably tending to support them.

After reading the evidence in this case, we are of the opinion that there is evidence reasonably tending to support the findings. The defendant's testimony alone is sufficient, and whatever criticism plaintiff may make of the time the conversations occurred and the purpose

4

thereof, it is plain that defendant was giving plaintiff explicit information that he intended to remain in possession of the property under his lease and to exercise to the fullest extent his rights and privileges thereunder.

There is much authority under the subject, Landlord and Tenant, 20 R. C. L. 892, secs. 396 et seq., and 35 C. J. 1017, secs. 144 et seq., touching upon renewals and options to renew and the exercise thereof, from which we gather that, unless the written lease expresses the exact manner and form of the notice, notice may be of an informal character so long as the intent of the lessee to renew or continue to hold is clearly evidenced.

In the discussion of these matters we observe that the notice provided may be waived, or the necessity for giving it may be absent, and this brings us to notice the argument advanced by the defendant in this respect. He says that although he did give plaintiff notice, as testified, that in law he would be protected even if he had not given notice by reason of the position taken by plaintiff. He cites us the rule stated in 46 C. J. 552, sec. 51, to the effect that the giving of notice may be excused if the person entitled to the notice has taken such a position as to render the giving of notice useless. See Henderson v. Wilson, 235 N. Y. 489, 139 N. E. 583. He cites the English case of Hunter v. Hopetoun, 13 L. T. Rep. (N. S.) 130, which is similar in facts, and announces such a rule. In that case the landlord had rejected a notice or demand to renew, and while that controversy was pending another notice became due but was not given. The landlord in effect abandoned the pending controversy and sought to cancel for failure to give the subsequent notice. His relief was denied, the court saying:

"The landlord seeks to avail himself of two inconsistent defenses. If the tenant gives notice to renew, the landlord claims the benefit of his defenses to the action, and denies the tenancy, and if the tenant, by reason of the suit, does not give notice, he immediately treats him as a tenant, and insists on the want of notice in conformity with the covenant. Such conduct is plainly inequitable."

While the earlier litigation was pending, North's attitude was that there was no lease, and notice to him of the desire to continue was useless. The judgment is affirmed.

CORN, GIBSON, DAVISON, and DANNER, JJ., concur.