T. F. PENNEL as *trustee for the five residuary Will beneficiaries of the Chas. W. Pennel Estate,* Plaintiff in Error,

v.

Floyd E. RULE and Elsie M. Rule, Defendants in Error.

No. 39224.

Supreme Court of Oklahoma.

July 5, 1961.

Rehearing Denied Aug. 1, 1961.

Porter & Porter, Muskogee, for plaintiff in error.

Rucker, Tabor, Best, Sharp & Shepherd, O. H. "Pat" O'Neal, Tulsa, for defendants in error.

BERRY, Justice.

In 1956, Chas. W. Pennel, hereafter referred to as "testator", died testate. In so far as pertinent to this appeal, testator provided in his will that his wife, Jennie A. Pennel, should take his household furniture and automobile; that she should take all other property as trustee; that she should

"have the right to use all income and any part of the principal she may desire for her comfort, convenience, maintenance and pleasure and she shall not be required to account for same"; that she should have "full power to reduce my estate or any part thereof to possession and handle the same, including the right to sell, rent, lease or mortgage any part or all of same, with power to invest and reinvest moneys of the estate"; that upon her death, the residue of the estate should pass to six named persons; that Jennie A. Pennel was appointed executrix of the estate; that while "acting as such executrix she shall have all the powers and authority relating to the management of the estate and to disburse all moneys thereunder as above prescribed for the trustee"; that testator's brother-in-law, W. E. Green, should act as co-executor.

In 1956 testator's will was admitted to probate in the County Court of Washington County, Oklahoma. Jennie Pennel and W. E. Green were appointed co-executors of testator's estate.

Among the assets of testator's estate was a 100-acre farm lying in Washington County. On December 31, 1956, the co-executors of testator's estate entered into an agreement in writing with defendants in error, Floyd E. Rule and Elsie M. Rule, hereafter referred to as "defendants", covering rental of the farm for agricultural purposes. The pertinent portions of said agreement were that the farm was rented to defendants for a period of one year beginning January 1, 1957; that upon defendants giving co-executors or in the event of their deaths, the County Judge of Washington County, 30 days' notice in writing of intention to renew the lease, the lease could be renewed from year to year for an additional four years; that on January 1, 1957 and on January 1st of each succeeding year that the defendants elected to renew the lease, defendants would pay an annual rental of $1,000; that if the rental were not timely paid, the lease was forfeited; that "if the parties of the second part shall fail or refuse to comply with any of the terms or provisions of this lease, or if the parties

of the first part shall desire to sell said property above described, then this lease and agreement shall terminate on the 31st day of December of the year in which the sale is made, or in which such breach occurs, upon the giving of 30 days written notice by the parties of the first part to the parties of the second part."

On January 3, 1957, the co-executors filed an application in the County Court in which they sought authority to execute the above referred-to agricultural lease. No notice was given in connection with said application. On said date the County Court entered an order authorizing the co-executors to execute said lease. In the order the County Court found that the lease was for "a term of one year with an option to renew same for four (4) years at a rental of $1,000.00 per year. The Court finds that it is the best interest to the estate that the executors execute said lease."

Jennie A. Pennel died December 8, 1957, and a successor executor was appointed. Testator's estate was closed March 17, 1959.

Defendants elected to renew the lease for the years 1958 and 1959 and timely paid rentals owing for 1957, 1958 and 1959.

On August 27, 1959, defendants were notified in writing to vacate the farm and deliver possession of same to plaintiff in error, hereafter referred to as "plaintiff". On November 25, 1959, defendants advised plaintiff by registered mail that they had elected to renew the lease for the year 1960. On December 28, 1959, defendants by registered mail tendered a check in the amount of $1,000 as the 1960 rental, which check was payable to "Charles W. Pennel Estate". The check was returned uncashed to defendants. At the close of trial of this case, defendants again tendered the 1960 rental and upon the tendered rental being rejected, deposited said sum with the Court Clerk.

On January 7, 1960, plaintiff instituted the instant action to eject defendants from the farm, quiet their title thereto, cancel the lease and for damages double the yearly rental value of the farm and necessary expenses, which damages were stated to then

total $2,500. Plaintiff pleaded that the estate was closed March 17, 1959; that following closing of the estate three trust instruments affecting the property were filed and that defendants had notice of said instruments; that the residuary beneficiaries had no notice of the rental agreement until after the estate was closed; that the rental agreement "could only be effective, if at all, only during the administration of (the) estate"; that demand was made of defendants to vacate and surrender the farm; that defendants failed to surrender the farm to plaintiff; that notice of renewal of the farm lease for the year 1960 was not given plaintiff nor was the annual rental timely or properly tendered plaintiff.

To said petition defendants filed an answer in which they denied generally the allegations of plaintiff's petition and as an affirmative defense pleaded that the lease in controversy was valid; that proper and timely notice of intent to renew the lease was given and the 1960 rental was timely tendered.

Following trial of case to the court, the court entered judgment for the defendants. The pertinent findings of the trial court are that "Said farm lease was made and given solely by the co-executors of the estate of Chas. W. Pennel, deceased, during the administration of said estate in the County Court of Washington County, Oklahoma in probate case No. 4701 and approved by order of said County Court on their written application therefor of the same date, all without any notice to plaintiff or to the five residuary Will beneficiaries of the Chas. W. Pennel estate * * *"; that "Pursuant to the December 4, 1945 Will and the May 5, 1955 Codicil of the said Chas. W. Pennel, deceased, * * * said co-executors had power and authority to make and give said farm lease and said County Court had power and authority and jurisdiction to approve and allow said making and giving of said farm lease without any such notice to plaintiff or said five residuary Will beneficiaries, and plaintiff is thus denied and not entitled to the possession of the real property so cov-

ered and/or the cancellation of said farm lease, to which holdings and rulings plaintiff excepts, and which holdings and rulings make moot the damages he seeks herein." The trial court found further that defendants timely and properly gave notice of intention to renew the lease for 1960 and timely tendered the 1960 rental; that defendants in open court tendered the 1960 rental to plaintiff.

From order of the trial court denying plaintiff's motion for new trial which was directed to the above referred-to judgment, plaintiff perfected this appeal.

For reversal, plaintiff contends that the trial court erred in finding and holding that (1) no notice to the residuary beneficiaries was necessary in connection with the co-executors making the lease in controversy; that (2) the co-executors had power and authority to execute the lease; that (3) the county court had power and authority to approve the lease; that (4) defendants timely tendered the 1960 rental.

The parties appear to agree that the lease was granted under the provisions of a 1953 Act which has been codified as 58 O.S. Supp., Secs. 961 to 963, inclusive. Sec. 961 reads as follows:

"When they shall deem it necessary, in order to preserve the value of such property, or its rental value, Administrators, Administrators with Will Annexed and Executors of deceased persons, and Guardians of minors or incompetent persons may lease or extend existing leases as to business property, or property to be improved for business purposes, belonging to the estate of said deceased persons, minor or incompetent person, for a term of not more than fifteen (15) years, with the approval of the County Court administering said estate of such deceased person, or minor or incompetent person. In order to obtain said approval said Administrator, Administrator with Will Annexed, Executor or Guardian shall file in said County Court a petition setting out the general nature of

the property desired to be leased, or upon which the lease is desired to be extended, and the facts relative to the necessity of such lease for the preservation of the value of said property, or its rental value. The heirs, devisees and legatees of said deceased person and the next of kin of said minor or incompetent person are designated as persons interested in the Estate and are entitled to be heard with respect to such proposed leasing. Provided, if the · Will of such deceased person shall authorize the Executor or Administrator with Will Annexed to sell the property of said decedent such authority shall be considered to include and extend the power to lease said property and further compliance with this Act shall not be necessary. Laws 1953, p. 251, § 1."

It is provided in Sec. 962 of the above referred-to Act that notice of hearing on the application contemplated by Sec. 961, supra, shall be given.

In our opinion, the facts show that the farm in controversy was "business property" and that in order to preserve the value of the farm it was advisable to lease same. We note that the lease makes clear that defendants would modernize the residence building on the farm by installing bathroom fixtures and a septic tank; that co-executors would furnish the fixtures and tank; that defendants would defray the cost of installing same; that there were 40 acres of growing alfalfa on the farm and that defendants would "take good and proper care" of said crop.

■ Plaintiff argues that the lease in controversy could in no event extend beyond the year in which the estate was closed. We are unable to agree. To our way of thinking, the 1953 Act makes clear that business property of an estate may be leased by a personal representative for a period not exceeding 15 years, and that the closing of an estate during the period of the lease will not serve to invalidate same.

■ Plaintiff argues that the lease on its face shows that the parties thereto did not intend that same be effective beyond the year in which the estate was closed. Plaintiff points to the provision of the lease providing that notice of intentions to renew will be served on the co-executors, or if deceased, the County Judge. He asserts that following the closing of an estate a county judge "has nothing more to do with it" and concludes that since possible service of a renewal notice on the County Judge was contemplated, the parties did not intend that the lease be renewed following closing of the estate. This argument runs counter to the clear provision of the lease that same could be renewed from year to year for four years next following 1957. In view of this express provision, we are not privileged to say that the parties to the lease intended that the lease terminate at an earlier date.

Plaintiff contends further that in any event the application filed in the County Court in connection with leasing the farm failed to satisfy the "jurisdictional requirements" of the Act in that it was not alleged therein that leasing of the farm was necessary to preserve the value or rental value of same.

■ A copy of the lease was attached to the application as "Exhibit A". When the allegations of the application and the provisions of the lease are considered together, it is fairly clear that leasing of the farm was necessary in order to preserve its value. Assuming that such is not the case, the order confirming the lease was unappealed from. As a final order same is not subject to collateral attack on the grounds urged by plaintiff. In Abraham et al. v. Homer, 102 Okl. 12, 226 P. 45, 46, it was claimed that the petition of the guardian for sale of land owned by his ward wholly failed "to state a cause of action for a sale, and affirmatively upon its face showed that no cause of action existed for the sale" and for said reason the sale proceedings were void. In rejecting said contention, we said in the syllabus that "On collateral attack against the judgment of a court of record,

when fraud is absent, and all necessary jurisdictional facts existed in the court rendering the judgment attacked, the court on such collateral attack has no right to inquire, determine, and adjudge as to the existence in the original action of quasi jurisdictional facts or facts constituting a cause of action"; that "[I]t is not material to the jurisdiction of the court that a cause of action be either pleaded or proven. Although the facts stated in a petition be not merely insufficiently or defectively pleaded, but both in form and substance wholly fail to constitute a cause of action, the court is not solely by reason thereof deprived of jurisdiction over the subject-matter or of the jurisdiction to render a judgment granting such relief as otherwise it may be within the jurisdiction of the court to render." See also Estes et al. v. Pickard et al., 141 Okl. 60, 283 P. 1004, and Baird v. Patterson, 172 Okl. 158, 44 P.2d 90.

Plaintiff contends that under the provisions of Sec. 962, supra, the residuary beneficiaries should have been given notice of the hearing on the application to lease the farm. In view of the fact that Jennie Pennel was given express authority to sell, rent or lease any portion of the estate, notice to said residuary beneficiaries was, under the plain wording of Sec. 961, supra, unnecessary.

Plaintiff also contends that a proper tender of the 1960 rental was not made in that the check was made payable to "Charles W. Pennel Estate"; that plaintiff could not have cashed the check had he wished to. The tendered check was not rejected on the grounds that the wrong payee was named therein. To the contrary, the reason for rejecting the tender was that, consistent with prior notices to defendants, plaintiff was convinced that defendants did not have the right to renew the lease and that he would not agree to a renewal of same. The record tends to show that if a proper tender of the 1960 rental had been made, same would have been refused by plaintiff. It follows that defendants were excused and relieved of tendering the 1960 rental. In Kingkade et al. v. Plummer, 111

Okl. 197, 239 P. 628, this was said in the third paragraph of the syllabus:

"Where a tender is necessary to the establishment of any right against another party, it is waived or becomes unnecessary, when it appears that such offer, if made, would have been refused."

See also North v. Tipton, 188 Okl. 3, 105 P.2d 1046.

The judgment of the trial court is affirmed.

DAVISON, HALLEY, JOHNSON and IRWIN, JJ., concur.

WILLIAMS, C. J., concurs in result.