**FORD MOTOR CREDIT COMPANY,**
Appellant,

v.

**Ronald GOINGS and Elizabeth Goings,**
Appellees.

No. 46080.

Court of Appeals of Oklahoma,
Division No. 2.

June 18, 1974.

Rehearing Denied Oct. 10, 1974.

Released for Publication by Order of the Court of Appeals, Oct. 24, 1974.

McClelland, Collins, Sheehan, Bailey, Bailey & Belt, Oklahoma City, for appellant.

Harley E. Venters, Oklahoma City, for appellees.

NEPTUNE, Judge.

On April 1, 1971, defendants Goings' automobile loan of $4,204 was more than three-fourths paid when they inquired of plaintiff creditor what it would take to pay the balance. Plaintiff Ford Credit informed defendants that the payoff amount was $962.08. Relying thereon, Goings obtained a loan from Tinker Credit Union and on April 2, 1971, sent a check for $962.08 to plaintiff. About ten days later and before the remittance was negotiated, plaintiff creditor's agent came to defendants' home and informed Mrs. Goings that the remittance was inadequate by the amount of $128. That sum, totaling $1,090.08, was thought by Mrs. Goings to be excessive since the gross amount scheduled for payment consisted of nine monthly installments of $116.79 each or a total of $1,051.21 when payable over the nine-month period. So Mrs. Goings told the agent she would notify her husband. Several days later by telephone another of creditor's agents informed defendants that the deficiency was $112.36. Defendants Goings, in the absence of written computations showing the correct amount required for the payoff, refused to make any supplemental payment and plaintiff creditor refused to negotiate the $962.08 check.

The content of conversations among the Goings and creditor's agents between mid-April and May 11 when the action herein

was commenced is a matter of some dispute. Goings claims he stated that he would pay the correct amount due when it was shown to him by a written explanation of the computations and mistakes. Plaintiff Ford Credit's agent Riley claims no such offer to pay nor demand for explanation was ever made. During this haggling, the April 10 and May 10 payments had not been satisfied and plaintiff demanded that defendants Goings make these current payments. When they were not promptly forthcoming, plaintiff filed on May 11, 1971, a complaint in replevin alleging a security agreement and a special ownership in and claiming immediate possession of the car in question.

On May 17, 1971, the automobile was taken into possession by the sheriff. Sale was scheduled for May 28 and the day before its scheduled sale, Goings received a notice thereof and enjoined the sale.

By way of answer to the replevin action defendants filed a denial and a cross-petition. Defendants alleged that the $962.08 check forwarded to plaintiff was a statement indicating what they believed to be the unpaid indebtedness which complied with 12A O.S.1971 § 9–208. Defendants also alleged that this tender entitled them to remain in possession of the automobile. Finally, the answer stated "defendants tender into court the $962.08 heretofore tendered and continues to tender and tenders into this court any additional amount which may be due and owing plaintiff under said contract."

Defendants' cross-petition is in three counts. The first count alleges that because of defendants' proper tender of the amount due and plaintiff's subsequent wrongful taking of the car that defendants were damaged in the amount of the reasonable rental value of a similar car. Count two sought damages for pain and suffering and count three sought punitive damages. Later amendments were added for additional damages for reasonable rental value and for damage to the car and for loss of personal property inside the car at the time of its taking.

About 14 months later, in July of 1972, possession of the car was returned to defendants after their application therefor on the basis of the United States Supreme Court decision which brought into question the constitutional validity of replevin statutes such as Oklahoma's (Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)).

Trial of the case at bar was in September 1972. At the close of the evidence, the trial court found that there were no factual issues to present to the jury. The court denied plaintiff's complaint for possession of the automobile because of defendants' tender both before and after the filing of the action, saying "$962.08 and any additional amount which might have been due and owing . . . was sufficient in all respects." The trial court found that by adding proper assessment of charges for some late payments during the course of the installments period, the correct amount due under the security agreement was $1,061.53. The trial court further found that defendants had suffered damages for loss of use and property loss in the amount of $4,624.95. By taking the difference between the two figures, the trial court directed a verdict in favor of defendants in the amount of $3,563.42.

Defendants' claim for punitive damages was disposed of by the trial court sustaining plaintiff's demurrer to defendants' evidence thereupon. Defendants' count claiming pain and suffering damage had been stricken prior to trial.

The parties were granted leave to file motions for attorney fees. The Goings filed a motion for new trial and an application for allowance of attorney fees. After hearings, the new trial motion was overruled and an attorney fee of $5,000 was granted defendants.

Both parties appeal.

Plaintiff Ford Credit's appeal contends that under the terms of the security agree-

ment and the Uniform Consumer Credit Code it had a right to take the automobile when the installments due on April 10 and May 10 were not paid. It points out that the security agreement itself declared time to be the essence of the contract and that upon default in any payment the seller had the right to declare the entire unpaid portion due immediately. And since the April and May payments were not made, Ford Credit contends that only a proper tender of the amount due as a payoff can protect defendants Goings from Ford Credit's right of possession—and it asserts no proper tender was made. Ford Credit's propositions for reversal are:

" I. The acts of the defendants prior to filing of suit were insufficient to constitute a tender."

" II. The acts of the defendants after the filing of the replevin suit were insufficient to constitute a tender."

"III. The attorney fee assessed by the trial court in the amount of $5,000.00 against Ford Motor is excessive."

The cross-appeal filed by defendants Goings complains that the trial judge erred (1) in sustaining the demurrer to defendants Goings' evidence on the count praying for punitive damages and (2) in excluding testimony with regard to additional attorney fees for another participating attorney for defendants and (3) in refusing to tax deposition costs to plaintiff.

As to the first issue presented by Ford Credit—that the acts of defendants prior to suit were insufficient to constitute a tender—the litigants' arguments refer and relate to 12A O.S.1971 § 9–208. We think that section is of no consequence in the circumstances of this case. The section simply sets up a procedure under which the creditor cannot withhold from the debtor information of the amount of the debtor's remaining debt. In the case at bar, Goings asked for information about their account and it was given to them voluntarily (although inaccurately). On two occasions thereafter information purporting to specify the amount due was also voluntarily provided (again incorrectly). Therefore, the situation does not involve the mentioned section. Whether a proper tender was made before institution of the action must be decided upon other facts.

■ A tender, to be effectual and to protect debtor from future interest and costs, must be in full of a specific debt, and not in part, and must be continuing. Landress v. State ex rel. Comm'rs of Land Office, Okl., 335 P.2d 1077 (1958). And where a larger sum than that tendered is in good faith claimed to be due, the tender is ineffectual as such, if its acceptance involves the admission that no more is due. First Nat'l Bank v. Britton, 185 Okl. 566, 94 P.2d 896 (1939). On the other hand, where the amount due is within the exclusive knowledge of the creditor who, on demand, refused to indicate the correct amount, tender by the debtor of the amount he thinks due, though less than the true amount, is good. Muldoon v. Hostuttler, 96 Okl. 288, 222 P. 513 (1924); Krauss v. Potts, 53 Okl. 379, 156 P. 1162, 5 A.L.R. 1213 (1916). And when, in an action at law, a tender is necessary to establishment of any right against another, it is waived or it becomes unnecessary when it is reasonably certain that offer, if made, would be refused. Pennel v. Rule, Okl., 363 P.2d 824, 95 A.L.R.2d 251 (1961); Jones v. Goldberger, Okl., 323 P.2d 344 (1958).

Before considering plaintiff Ford Credit's Proposition I dealing with whether defendants' acts prior to suit were sufficient to constitute a tender, we will examine the second proposition relating to Goings' tender after suit was filed.

■ As to the tender made subsequent to the filing of suit, we hold that it meets the standards of a proper tender. When taken by itself the tender made in the amended answer and cross-petition of January 28, 1972, is for payment in full and is unconditional. To avail itself of the Goings' tender in the amended answer, all

that was required of Ford Credit was that it accept.

█ Plaintiff Ford Credit argues that such a tender coupled with the claims made by the Goings in their cross-petition made the tender conditional. We do not agree that the tender was conditional. In Smith-Wogan & Co. v. Bice, 34 Okl. 294, 125 P. 456 (1912), a debtor told the creditor that he was going to pay his debt, but that when he paid it he intended to prosecute the creditor for false imprisonment. On the question of whether this was a conditional tender, the court said:

"Taking the money would not have in any way impaired any defense to the prosecution the [creditor] had. The [debtor], if he had a cause of action against the [creditor], could have brought it, whether the tender was accepted or not."

The Goings' claim for damages in the case at bar in no way affected the tender of the amount due. The question on the cross-petition was what damages had defendants Goings sustained from plaintiff Ford Credit's taking and keeping possession of the car in the circumstances. There are no controverted facts in connection with the tender offered in the amended answer. Therefore it was proper for the trial court to direct a verdict for the damages sustained because of the Goings' loss of possession in the period subsequent to that tender.

The above conclusion does not answer, however, the question raised by the trial court's inclusion (by directed verdict) of the award of damages for the period prior to January 28, 1972, when the amended answer containing the written pleaded tender was filed. Nor does it answer plaintiff's first proposition to the effect that there was no sufficient tender prior to suit.

Do defendants' acts in the circumstances prior to suit and prior to January 28, 1972, constitute a tender?

On April 2, 1971, when there was no question regarding the amount claimed, defendants tendered the amount said to be required to liquidate the debt. That was on the basis of the first figure, $962.08, stated to be the balance. When ten days later, the payoff quotation was said to be $1,090.08, the information given prompted no supplemental tender by defendants because on its face the figure appeared to be in error. Still later when the third figure, $1,074.36, was quoted by telephone, the unreliability of an orally quoted payoff amount was fairly established, and defendants did not supplement their tender. Eventually, a fourth figure, $1,061.53, was determined by the trial court on the basis of undisputed evidence to be the correct amount.

As previously mentioned there is in the record some conflict in the evidence as to what the Goings said they would do regarding payment of the correct balance. The Goings on the one hand testified that from the outset and continuously they were offering to pay whatever was the correct amount due, while on the other hand plaintiff's agent Riley testified that Goings stated that he had paid what was asked ($962.-08) and that he was not going to pay more; and Riley testified further that the Goings did not seek to obtain an explanation of the errors to confirm the correct payoff amount.

█ The trial court, in considering defendants' motion for directed verdict, must consider as true all the evidence favorable to plaintiff Ford Credit and disregard all conflicting evidence favorable to defendants Goings. Bates v. Utech, Okl., 441 P.2d 952 (1967). So, with regard to this evidentiary conflict the trial court must accept as true Riley's statement concerning what the Goings said and did not say. In doing so we still think the undisputed proof of the initial intent and the tender of $962.08 to pay off the full debt prior to suit and the undisputed showing by the subsequent correspondence and the pleadings confirm a continuing intent and willingness to pay off the correct amount

irrespective of what the Goings may have said. The Goings' purported assertion is not of sufficient consequence to negate the undisputed fact of the continuing tender implied from the circumstance that no dependably correct payoff figure was available at that time or even later—until the court determined what it was.

As is seen from the annotations of the cases above cited, the tender ordinarily must be of such amount as to cover the demand. But where the amount due is within the exclusive knowledge of the creditor and after demand therefor the amount claimed is not indicated, the debtor may tender what he thinks is due and, even though the amount tendered is less than what is due, the tender is good. See Muldoon v. Hostuttler, supra. It follows that a tender should also be good if based upon inquiry by the debtor to the creditor for the amount of the balance—an amount which the creditor later subjects to such variations, discrepancies and equivocations that the amount correctly due is in fact never disclosed, especially where as here the tender is reasonable though a little less than what the court found to be actually due. We think this rule is appropriate in the circumstances of this case and warranted the trial court directing a verdict which included damages for the period prior to suit and prior to the pleaded tender. The trial court was correct in determining that reasonable men could reach only the conclusion that there was a continuing tender of the amount due and that the sum would be paid when it was responsibly determined and disclosed. In this circumstance, there can be no resort to the possessory rights of plaintiff under the security agreement, because there is in fact no default.

■ Ford Credit's third proposition complains that the allowance of an attorney's fee of $5,000 is excessive. Our examination of the record convinces us that there was no abuse of discretion by the trial court in awarding this fee. The pri-

mary basis for allowance cannot logically be the amount involved. The case was an extraordinary one. The proof on the issue supports the amount of the award. The statute authorizes it. 12 O.S.1972 Supp. § 1580. The award should be affirmed.

This brings us to consideration of the Goings' cross-appeal which urges:

"Proposition I. The trial judge erred in sustaining a demurrer to defendants Goings' evidence on their count praying for exemplary or punitive damages."

■ A demurrer to the evidence of the plaintiff admits the truth of all the evidence offered on the part of the plaintiff, together with such inferences and conclusions as are reasonably deducible therefrom, and a demurrer should not be sustained unless there is no evidence to support the plaintiff's cause of action or when the evidence fails to sustain some essential element of the plaintiff's cause of action. Empire Oil & Refining Co. v. Williams, 184 Okl. 172, 86 P.2d 291 (1938).

■ Punitive damages are not limited to cases where there is direct evidence of fraud, malice, or gross negligence, and such damages may be allowed when there is such recklessness and wanton disregard of another's rights that malice and evil intent may be inferred. Sunray DX Oil Co. v. Brown, Okl., 477 P.2d 67 (1970).

■ In the case at bar, the cumulative impact of circumstances provides ample basis to support a finding of oppression and malice on the part of plaintiff Ford Credit in the repossession and detention of the automobile and particularly with respect to the personal property in the vehicle at the time of taking. Evidence in the record of reckless disregard for the rights of defendants Goings impels that the issue of punitive damages be left to the jury. 23 O.S. 1971 § 9. Sustaining plaintiff's demurrer to the evidence was error.

■ Defendants Goings' cross-appeal also complained about the trial court's

**610**

rejection of evidence on the matter of the time spent by a second attorney for defendants as a basis for additional attorney fees. Their second proposition is:

"The court erred in not permitting R. Denning Crowe to present testimony with regard to attorney fees and fixing a reasonable attorney fee for R. Denning Crowe and taxing the same as costs. The court further erred in refusing to tax as costs the deposition costs of Goings."

Though refusal to admit evidence of the time spent by the additional attorney may have been technically faulty, practicality requires recognition that the trial court could not be unaware of the participation and contribution of the other attorney. The trial court necessarily considered the obvious in exercising his discretion in the allowance of attorney fees for defendants. No useful purpose would be served in directing the trial court to accept the evidence and again exercise its discretion regarding fees. See Wilbanks v. Wilbanks, Okl., 441 P.2d 967 (1968) and Clark v. Clark, 201 Okl. 134, 202 P.2d 990 (1949).

The Goings in preparation for trial took discovery depositions of witnesses whose likely knowledge of events surrounding the case made pursuit of their evidence reasonably necessary. The cost of the originals of the depositions included in the record is $170.50. Failure of the trial court in the circumstances of this case to tax this item as costs recoverable along with the amount of the judgment for defendants does not comport with the statutory and case authority. 12 O.S.1971 §§ 449, 928, 929 & 933; Owens v. Clark, 177 Okl. 519, 61 P.2d 201 (1936). The trial court is directed to tax this item of cost to plaintiff.

Affirmed in part and reversed in part.

BRIGHTMIRE, P. J., and BACON, J., concur.